William B. Sullivan [CSB No. 171637]
helen@sullivanlawgroupapc.com
Eric K. Yaeckel [CSB No. 274608]
yaeckel@sullivanlawgroupapc.com
Lara A. Prodanovich [CSB 282289]
lprodanovich@sullivanlawgroupapc.com
**SULLIVAN LAW GROUP, APC**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorney for Plaintiff NAOMI TAPIA, individually and on behalf
of other members of the general public similarly situated

### IN THE UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI TAPIA, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZALE DELAWARE INC. d/b/a ZALE CORPORATION, a Delaware Corporation; and DOES 1 through 50, inclusive<br><br>Defendants | CASE NO.  **'13 CV 1565 WQH NLS**<br><br>**COLLECTIVE AND CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1.  **VIOLATION OF FAIR LABOR STANDARDS ACT OF 1938;**<br><br>2.  **VIOLATION OF CALIFORNIA LABOR CODE;**<br><br>3.  **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200 *et seq.*; and**<br><br>***Demand for Jury Trial***<br><br>***Document Electronically Filed*** |

COMES NOW Plaintiff NAOMI TAPIA ("TAPIA"), individually and on behalf of all others similarly situated, and alleges for her Complaint as follows:

## PARTIES, JURISDICTION AND VENUE

1. At all relevant times herein, TAPIA was and is an individual domiciled in the County of Imperial, State of California.

2. Plaintiff is informed and believes and thereon allege that at all relevant times mentioned herein, Defendant ZALE DELAWARE INC. d/b/a ZALE CORPORATION ("ZALE"), a Delaware Corporation, was and is doing business throughout the state, including the County of Imperial, State of California.

3. Venue is proper because certain acts constituting the below violations were committed in Imperial County. 28 U.S.C. § 1391. Thus, venue is proper because the County of Imperial is within the Southern District of California.

4. Plaintiff is presently unaware of the true names, capacities and liability of Defendants named herein as DOES 1 through 50, inclusive. Accordingly, Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities after the same have been ascertained.

5. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the wrongs and damages as herein alleged, and in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in doing the actions mentioned below, was acting within the course and scope of his or her authority as such agent, servant, partner, and employee with the permission and consent of the co-defendants. Plaintiff's injuries as herein alleged were proximately caused by said Defendants. Wherever it is alleged herein that any act or omission was done or committed by any specially named Defendant or Defendants, Plaintiff intends thereby to allege and do allege that the same act or omission was also done and committed by each and every Defendant named as a DOE, both separately and in concert or conspiracy with the named Defendant or Defendants.

6. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, including DOES 1 through 50, are and at all times herein mentioned were either individuals, sole proprietorships, partnerships, registered professionals, corporations, alter egos or other legal

- 1 -

entities which were licensed to do and/or were doing business in the County of San Diego, state of California at all times relevant to the subject matter of this action.

7.   The Fair Labor Standards Act of 1938 ("FLSA"), codified as 29 U.S.C. section 201 *et seq.*, authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. section 216(b) and 28 U.S.C. section 1331.

8.   Under 28 U.S.C. section 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims because the state claims are so related to the FLSA claims that they form part of the same case of controversy. Additionally, jurisdiction over Plaintiff's state law claims is based upon the Class Action Fairness Act, 28 U.S.C. section 1332(d)(2)(A), because the amount in controversy exceeds five-million dollars ($5,000,000.00), exclusive of interest and costs, and because the parties are diverse.

## COLLECTIVE, CLASS AND REPRESENTATIVE ALLEGATIONS

9.   Plaintiff brings Count I (violation of the FLSA), as a nationwide "opt-in" collective action pursuant to 29 U.S.C. section 216(b), on behalf of herself and the following persons:

> All current and former nonexempt employees of ZALE DELAWARE INC. d/b/a ZALE CORPORATION ("ZALE") who have worked at any location in the United States at any time within the last three years.

10.   Plaintiff brings Count II (violation of California Labor Code) as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and the following persons:

> All current and former nonexempt employees of ZALE DELAWARE INC. d/b/a ZALE CORPORATION ("ZALE") who have worked in the state of California at any time within the last three years.

11.   Plaintiff brings Count III (violation of California Business & Professions Code section 17200 *et seq.*) as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and as the class representative of the following persons:

> All current and former nonexempt employees of ZALE DELAWARE INC. d/b/a ZALE CORPORATION ("ZALE") who have worked in the state of California at any time within the last four years.

12.   The FLSA claim is pursued on behalf of those who opt-in to this case, pursuant to 29 U.S.C. section 216(b).

13.   The state law claims, if certified for class-wide treatment, are pursued on behalf of all similarly situated persons who do not opt-out of the class.

14.   Plaintiff, individually and on behalf of other similarly situated Count I employees, seeks relief on a collective basis challenging, among other FLSA violations, ZALE's uniform practice of failing to pay employees for all hours worked, including minimum and overtime compensation, due to the fact it failed to properly calculate the "Regular Rate of Pay" and failed to pay employees for all hours worked.  The facts for these allegations are set forth below in Count I. The number and identity of other plaintiffs yet to opt-in and consent to be party-plaintiffs may be determined from ZALE's records and potential class members may easily and quickly be notified of the pendency of this action.

15.   Plaintiff, individually and on behalf of other similarly situated Count II employees, seeks relief on a class-wide basis challenging, among other California Labor Code violations, ZALE's practice of failing to pay employees for all hours worked, including overtime compensation, failing to properly calculate and pay overtime compensation that was recorded, failing to provide accurate itemized wage statements, failing to provide uninterrupted Meal and Rest Periods, and failing to pay all wages due at cessation of employment.  The facts for these allegations are set forth below in Count II.  The number and identity of other plaintiffs may be determined from ZALE's records, and potential class members may easily and quickly be notified of the pendency of this action.

16.   Plaintiff, individually and on behalf of other similarly situated Count III employees, seeks relief on a class-wide basis challenging, among other Business & Professions Code section 17200 *et seq.* violations, ZALE's practice of failing to comply with the FLSA and California Labor Code, in violation of California's unlawful competition laws.  The facts for these allegations are set forth below in Count III, and the underlying facts for these unlawful violations are set forth below in Count II. The number and identity of other plaintiffs may be determined from ZALE's records, and potential class members may easily and quickly be notified of the pendency of this

1 | action.

2 | 17. | The approximately **3,500** member Count I class is ascertainable via their experience as current
3 | | or former employees of ZALE who experienced its uniform compensation policy.

4 | 18. | The approximately **1,200** member Count II class is ascertainable via their experience as current
5 | | or former employees of ZALE who experienced its uniform compensation policy.

6 | 19. | The approximately **1,500** member Count III class is ascertainable via their experience as current
7 | | or former employees of ZALE who experienced its uniform compensation policy.

8 | 20. | Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy and superiority
9 | | requirements of a class action pursuant to Federal Rule of Civil Procedure 23.

10 | 21. | The Classes satisfy the numerosity standards.  The Classes are believed to number in excess of
11 | | one-thousands persons.   As a result, joinder of all Class Members in a single action is
12 | | impracticable.  Class Members may be informed of the pendency of this class action through
13 | | direct mail.

14 | 22. | There are questions of law and fact common to the Classes that predominate over any questions
15 | | affecting only individual members. The questions of law and fact common to the Classes arising
16 | | from ZALE's actions include, without limitation, the following:

17 | | A. | Whether ZALE failed to properly pay class members the minimum wage in accordance
18 | | | with federal law;

19 | | B. | Whether ZALE failed to properly pay class members the overtime wages due and
20 | | | owing to them in accordance with federal and California law;

21 | | C. | Whether ZALE failed to provide accurate itemized wage statements to class members;

22 | | D. | Whether ZALE knowingly and intentionally failed to provide accurate itemized wage
23 | | | statements to class members;

24 | | E. | Whether ZALE failed to maintain accurate records for class members in accordance
25 | | | with federal and California law;

26 | | F. | Whether ZALE failed to provide uninterrupted meal and rest periods to Class
27 | | | Members, and/or failed to possess compliant policies for such meal and rest periods;

28 | | G. | Whether ZALE willfully failed to pay all compensation due and owing to class

- 4 -

members at termination of employment; and

H.     Whether ZALE's uniform conduct constituted a violation of California Business & Professions Code section 17200 *et seq.*

23.  The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity to other available methods for the fair and efficient adjudication of the state law claims.

24.  Plaintiff's claims are typical of those of the Classes, in that Class Members have been employed in the same or similar positions as Plaintiff and Class Members were subject to the same or similar unlawful practices as Plaintiff.

25.  A class action is the appropriate method for the fair and efficient adjudication of this controversy. ZALE has acted or refused to act on grounds generally applicable to the Classes. The presentation of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct of ZALE, and/or substantially impair or impede the ability of Class Members to protect their interests.

26.  Plaintiff is an adequate representative of the Class because she is a member of the Class and her interests do not conflict with the interests of Class Members whom she seeks to represent. The interests of the Class Members will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment and class action litigation.

27.  Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each class member who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

28.  Plaintiff asserts this litigation as a concerted action which seeks to improve the wages and/or working conditions for all of Defendant's employees who experience its illegal policies and/or practices.

# FACTUAL BACKGROUND

29. In or about May 2012, Plaintiff NAOMI TAPIA began working for Defendant ZALE in a nonexempt position as a jewelry consultant. Plaintiff TAPIA worked at Defendant's "Zales Jewelers: Imperial Valley Mall" location at all times relevant herein. Plaintiff's active employment continued until her involuntary termination in or about November, 2012. Throughout her employment, Plaintiff performed her job in a capable and competent manner and was commended for doing so.

30. Throughout the term of her employ, Plaintiff and all other class members were and are currently denied the benefits and protections of the FLSA and the California labor Code, due to the institutionalized pay practices of Defendant, standard as to all Defendant's non-exempt employees.

## COUNT I
### VIOLATION OF FAIR LABOR STANDARDS ACT OF 1938
(Brought against ZALE and DOES 1-50 by Plaintiff,
individually and on behalf of all others similarly situated)

31. Plaintiff re-asserts and re-alleges the allegations set forth in paragraphs 1 through 30.

32. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, codified as 29 U.S.C. section 201, *et seq.*

33. The FLSA regulates, among other things, the payment of wages by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

34. ZALE is subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

35. ZALE violated the FLSA by failing to provide proper and complete minimum wage and overtime compensation to Plaintiff and all other employees similarly situated, for the reasons discussed below.

36. 29 U.S.C. section 206(a) requires employers to pay their employees the minimum wage for each hour worked.

Complaint

37. 29 U.S.C. section 207(a)(1) provides, in pertinent part, the following: "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

38. The first cause of the violation was the failure to pay overtime compensation to when employees work in excess of 40 hours per week. As an example, attached hereto as **Exhibit A**, is Ms. Tapia's payroll register report for the pay date July 1, 2012. The record shows Ms. Tapia worked 40.75 hours during the first week, but was not provided any overtime compensation.

39. The second cause of the violation was the failure to incorporate the value of employee "commissions" into the Regular Rate of Pay calculation.  As a benefit to employment, ZALE provided the Class Members with "commissions." **(See Ex. A.)**  Federal law requires that all value received via an employment relationship—including the value of commissions—be factored into the calculation of the Regular Rate of Pay and subsequently used to factor and compensate at the Overtime Rate of Pay. 29 CFR 778.117.  The improper calculation of the Regular Rate of Pay leads to the failure to properly calculate the Overtime Rate of Pay, and the subsequent failure to compensate at the proper Overtime Rate of Pay.

40. Where ZALE fails to take into account all valued received in the calculation of Plaintiff's and Class Members' regular rates of pay, this results in a failure to pay all Overtime Compensation due.

41. The third cause of the violation was the uniform, company-wide use of a compensation "time shaving" policy. To wit, ZALE paid its employees pursuant to a standard compensation policy that systematically underpays employees, in an unfair and non-neutral manner. ZALE's policy does *not* pay employees according to their actual computer log-in and log-out times, and thus, they are not paid for all hours worked. As an example, attached as **Exhibit B** is a copy of Plaintiff's time records for the day October 14, 2012. On that day, Plaintiff worked 9 hours and 3 minutes. Plaintiff should have been compensated for 1 hour and 3 minutes of overtime pay. However, her corresponding wage statement, attached hereto as **Exhibit C**, shows that she was only compensated for 1 hour of overtime during the pay period.

- 7 -

42. Where ZALE "time shaves" Plaintiff's and Class Members' work-times, it results in a failure to pay all wages due. Importantly, this failure to pay all wages also results in a failure to pay all Minimum Wage and Overtime Compensation due.

43. Additionally, ZALE deprived Class Members of the benefit of 29 C.F.R. 516.2, which requires that employers keep accurate record of wages due to employees and their hours worked each day, as a result of perpetrating the unlawful practices discussed, supra.

44. Section 13 of the FLSA, codified at 29 U.S.C. section 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff nor any other similarly situated employees.

45. Plaintiff and all other similarly situated employees are victims of a uniform and company wide compensation policy. Upon information and belief, ZALE applies/applied this uniform policy to all current and former nonexempt employees, employed within the last three years.

46. Plaintiff and all other similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because ZALE acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

47. ZALE has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and all other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. section 216(b). Alternatively, should the Court find ZALE did act with good faith and reasonable grounds in failing to pay overtime compensation, Plaintiff and all other similarly-situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

48. As a result of the aforementioned willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by ZALE from Plaintiff and all other similarly situated employees. Accordingly, ZALE is liable for compensatory damages pursuant to 29 U.S.C. section 216(b), together with an additional amount as liquidated damages,

1   prejudgment and post-judgment interest, reasonable attorney's fees and costs of this action.

### COUNT II
### VIOLATION OF CALIFORNIA LABOR CODE
**(Brought against ZALE and DOES 1-50 by Plaintiff,
individually and on behalf of all others similarly situated)**

49.   Plaintiff re-asserts and re-alleges the allegations set forth in paragraphs 1 through 48.

50.   Plaintiff alleges that ZALE violated, and continues to violate, the California Labor Code in various respects. The specific allegations of California Labor Code violations are as follows:

A.   ZALE failed to provide overtime compensation to Plaintiff and all other class members in a compliant manner, due to Defendant's uniform compensation policy, in violation of California Labor Code section 510(a) and 1194;

B.   ZALE failed to provide accurate itemized wage statements to Plaintiff and all other class members, in violation of California Labor Code section 226(a);

C.   ZALE failed to possess Meal and Rest Period policies that were compliant with California law, in that they do not provide all rights statutorily-proscribed. Further, ZALE failed to provide uninterrupted Meal and Rest Periods to Class Members, in violation of California Labor Code sections 226.7, 512 and IWC Wage Order 7-2001; and,

D.   ZALE failed to comply with California Labor Code section 203(a) with respect to Plaintiff and all other class members who were discharged, or who quit employment.

51.   Because of ZALE's failures as alleged herein, Plaintiff and all other class members did not receive compensation for all hours actually worked for ZALE, and have been damaged.

52.   Broader than the overtime requirements set forth in the FLSA, California Labor Code section 510(a) provides, in pertinent part, the following: "**Eight hours of labor constitutes a day's work.** Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." *Id.* (emphasis added).

53.   California Labor Code section 1194 sets forth, in pertinent part, the following: "any employee

- 9 -

1  receiving less than the legal minimum wage or the legal overtime compensation applicable to

2  the employee is entitled to recover in a civil action the unpaid balance of the full amount of this

3  minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees,

4  and costs of suit."

5  54.  ZALE violated Labor Code sections 510(a) and 1194 by failing to timely and accurately provide

6  overtime compensation to Plaintiff and all other class members.  Plaintiff asserts ZALE's

7  practice results in the failure to compensate its employees properly for all their overtime work.

8  55.  Specifically, Defendant's uniform policy and practice is to use an illegal "time shaving" policy,

9  whereby the Plaintiff and all other class members were not compensated for all time recorded

10  on their time records. As an example, attached as **Exhibit B** is a copy of Plaintiff's time records

11  for the day October 14, 2012. On that day, Plaintiff worked 9 hours and 3 minutes. Plaintiff

12  should have been compensated for 1 hour and 3 minutes of overtime pay. However, her

13  corresponding wage statement, attached hereto as **Exhibit C**, shows that she was only

14  compensated for 1 hour of overtime during the pay period.

15  56.  An additional overtime violation occurs where Defendant failed to properly pay all overtime

16  compensation due to Plaintiff due to Defendant's failure to properly calculate Plaintiff's regular

17  rates of pay. Both California and federal law require commissions to be included in the regular

18  rate of pay. 29 CFR 778.117 *et. seq*; *Huntington Memorial Hosp. v. Super. Ct.*, (2005) 131

19  Cal.App.4th 893, 905; see also DLSE 2002 Enforcement Policies & Interpretations Manual

20  (Revised), 49.1-49.1.2.2. The improper calculation of the regular rate of pay leads to the failure

21  to calculate the proper overtime rate of pay, and the subsequent failure to compensate the proper

22  overtime wages.

23  57.  Plaintiff is informed and believes and thereon alleges that Defendant failed to take into account

24  the value of the commissions she received in calculating Plaintiff's and all other nonexempt

25  employees' regular rates of pay.  As a direct consequence, where Plaintiff and all other

26  nonexempt employees worked in excess of eight hours in a workday and forty hours in a

27  workweek, Defendant failed to pay Plaintiff and all other nonexempt employees all overtime

28  compensation due because Defendant was paying at a lesser rate than that which is required by

law. As an example, during the pay period in **Exhibit B**, Ms. Tapia received $59.65 in commission, however, she was only compensated at $15 per hour for her 1.0 overtime hours (1.5 multiplied by her $10/hour base pay). Because Ms. Tapia's regular rate of pay should have been $12.51 [$10 x 23.75 (total hours) = $237.50 + $59.65 = $297.15/23.75 = $12.51], her overtime should have been $18.77 [1.5 x $12.51]. Accordingly, by ZALE's failing to include her commission into her regular rate of pay for purposes of paying overtime compensation, Ms. Tapia lost **$3.77** for this pay period, alone.

58. California Labor Code section 226 provides, in pertinent part, the following: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . . [and] (5) net wages earned."

59. As a direct result of Defendant's uniform "time shaving" policy discussed above, and Defendant's failure to take into account Ms. Tapia's commissions when calculating her regular rate of pay for purposes of calculating overtime compensation, ZALE failed to provide accurate itemized wage statements to Plaintiff, in violation of California Labor Code section 226 in that, as an example, the gross wages earned, total hours worked, and net wages earned are all undervalued.

60. California Labor Code section 203(a) provides, in pertinent part, the following: "If an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment."

61. California Labor Code section 201(a) provides, in pertinent part, the following: "If an employer

- 11 -

Complaint

1    discharges an employee, the wages earned and unpaid at the time of discharge are due and

2    payable immediately."

3    62.    As a direct result of Defendant's uniform "time shaving" policy, and Defendant's failure to take

4           into account commissions when calculating the regular rate of pay for purposes of calculating

5           overtime compensation, ZALE failed to pay Plaintiff and all other Class Members statutorily

6           compliant payment of wages upon discharge, suffered injury and damage as a result.

7    63.    Moreover, under applicable state law, "No employer shall employ any person for a work period

8           of more than 5 (five) hours without a meal period of not less than 30 minutes. . . ." 8 Cal. Code

9           Regs. § 11070 (11)(A)(emphasis added); see also Lab. Code § 512(a). Unless the employee is

10          relieved of all duty during a thirty (30) minute meal period, the meal period shall be considered

11          an "on duty" meal period and counted as time worked. 8 Cal. Code Regs. § 11070(11)(C).  An

12          employer who fails to provide meal periods as required by an applicable Wage Order must pay

13          the employee one additional hour of pay at the employee's regular rate of pay for each workday

14          that the meal or rest period was not provided. Lab. Code § 226.7(b); 8 Cal. Code Regs. § 11070

15          (11)(D).  An employer is obligated to record employee meal periods.  8 Cal. Code Regs. §

16          11070(7)(A)(3). "If an employer's records show no meal period for a given shift over five hours,

17          a rebuttable presumption arises that the employee was not relieved of duty and no meal period

18          was provided." *Brinker Rest. Corp. et. al. v. Super. Ct.*, No. S166350 (Cal. Sp. Ct. Apr. 12,

19          2012) (conc. opn. of Werdegar, J.).

20   64.    California Code of Regulations, title 8, section 11070(12)(A) provides, in pertinent part, the

21          following: "Every employer shall authorize and permit all employees to take rest periods . . . .

22          The authorized rest period time shall be based on the total hours worked daily at the rate of ten

23          (10) minutes net rest time for every four (4) hours worked, or major fraction thereof."

24   65.    Within the operative time period, Defendant failed provide Plaintiff and all Class Members

25          statutorily compliant meal and rest periods, and they suffered injury and damage as a result.

26          These violations were the result of, among other things, Defendants failure to possess compliant

27          written policies pertaining to the provision of meal and/or rest periods. For example, Plaintiff

28          and all other class members were not provided with a rest period for every four hours worked,

- 12 -

1    or "major fraction thereof."   Additionally, Plaintiff and all other class members were not

2    provided with an initial meal period before the start of their sixth hour of work, or a second meal

3    period before the start of an their eleventh hour of work, in a day.

4  66.   Defendant willfully failed and refused to pay Plaintiff and all other class members one additional

5    hour of pay at their regular rate of pay for each workday that a meal or rest period was not

6    provided, as required by Labor Code section 226.7 and IWC Wage Order 7 (11)(D) and (12)(B).

7  67.   Plaintiff is informed and believes and thereon allege that the examples set forth above are typical

8    of all nonexempt employees.   As a direct result of Defendant's willful failure and refusal to

9    comply with the California Labor Code, Plaintiff and other Class Members have suffered injury,

10    loss, and harm all to their damages in a sum according to proof.  On behalf of the Class, Plaintiff

11    hereby seeks compensatory damages, back pay (or penalty), pre-judgment interest, and other

12    remedies set forth below.

13  68.   ZALE's failure to pay the correct amount of straight-time hourly wages permits a civil suit to

14    recover wages due to Plaintiff and all other class members under California Labor Code section

15    218, as well as recovery of interest, reasonable attorneys' fees, and costs of suit pursuant to, *inter*

16    *alia*, California Labor Code sections 218.5 and 218.6.

17  69.   ZALE's failure to pay the correct amount of overtime wages permits a civil suit to recover the

18    unpaid balance of the full amount of this overtime compensation due to Plaintiff and all other

19    Class Members, as well as recovery of interest, reasonable attorneys' fees, and costs of suit,

20    pursuant to California Labor Code section 1194.

21

22
### COUNT III
**VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200**
**(Brought against ZALE and DOES 1-50 by Plaintiff,**
23    **individually and on behalf of all others similarly situated)**

24  70.   Plaintiff re-asserts and re-alleges the allegations set forth in paragraphs 1 through 69.

25  71.   ZALE's actions, including but not limited to the failure to maintain accurate employee time

26    records, the failure to pay all wages earned, and the failure to pay overtime compensation,

27    constitute fraudulent and/or unlawful and/or unfair business practices in violation of California's

28    Unfair Competition Law, codified under California Business & Professions Code section 17200

- 13 -

1   *et seq*. ("UCL").

2   72.   Plaintiff is a former employee and direct victim of Defendant's illegal and/or unfair business acts
3         and practices referenced in this complaint, has lost money as a result of such practices, and is
4         suing both in her individual capacity and on behalf of Defendant's current and former California-
5         based nonexempt employees who share a common or general interest in restitution as a result of
6         the illegal and/or unfair practices.

7   73.   The member class is ascertainable via their experience as Defendant's current or former
8         California-based nonexempt (as designated by Defendant) employees.  Class members share a
9         community of interest and an injury-in-fact as Defendant has violated: (1) California
10        compensation laws, thereby depriving the class members of money earned by them; and (2)
11        California Insurance laws, thereby depriving the class members of their right to unemployment
12        insurance.  Based on the facts set forth above, it would be impracticable to proceed in individual
13        actions.

14  74.   Plaintiff has suffered an injury-in-fact pursuant to Business & Professions Code section 17204,
15        and has lost money as a result of Defendant's illegal and/or unfair practices.

16  75.   Plaintiff brings this action on behalf of an ascertainable class who share a community of interest
17        pursuant to Business & Professions Code section 17203 and Code of Civil Procedure section
18        382, who share a common or general interest in restitution as a result of the illegal and/or unfair
19        practices, in that those individuals on whose behalf the action is brought have also lost money
20        as a result of Defendant's practices, as set forth above, and that it would be impracticable to
21        proceed as an individual plaintiff action.

22  76.   As set forth above, during the course of Plaintiff's employment, Defendant committed acts of
23        illegal and unfair competition, as defined by Bus. & Prof. Code § 17200, by failing to: (1) pay
24        wages owed to Plaintiff and all other class members in violation of the FLSA as described
25        herein; and (2) comply with fundamentally protective California labor laws including, *but not*
26        *limited to*, Labor Code sections 201, 203, 226, 226.7, 510, 512, 515, and 1194 and California
27        Industrial Welfare Commission Wage Order No. 7-2001.

28  77.   Business & Professions Code section 17200 *et seq*. prohibits any unlawful, unfair or fraudulent

- 14 -

1     business act or practice.

2   78.   Plaintiff's allegations herein are based upon Defendant's institutional business acts and practices.

3   79.   Defendant's acts and practices, as described herein above, are unlawful and unfair, in that they

4       violate the Labor Code, IWC wage order(s), and the California Unemployment Insurance Code.

5   80.   As a direct result of Defendant's unlawful and unfair business acts and practices, Plaintiff and

6       all other class members have been denied wages earned and the right to collect unemployment

7       insurance benefits, and have therefore been damaged in an amount to be proven.  Accordingly,

8       Plaintiff prays for restitution in an amount to be proven, and injunctive relief.

9   81.   Plaintiff is informed and believes and thereon alleges, that Defendant's unlawful and unfair

10      business practices, alleged above, are continuing in nature and are widespread.

11   82.   On behalf of the ascertainable class, Plaintiff respectfully requests an injunction against

12      Defendant to enjoin it from continuing to engage in the illegal conduct alleged herein.

13   83.   On behalf of the ascertainable class, Plaintiff respectfully requests restitution.

14   84.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.  Plaintiff is

15      presently unaware of the precise amount of these expenses and fees and prays leave of court to

16      amend this first amended complaint when the amounts are more fully known.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of all others similarly situated, prays for relief as follows:

1.   An order enjoining ZALE from pursuing the fraudulent and/or unlawful and/or unfair policies, acts and practices complained of herein;

2.   An order certifying that Count I of the action may be maintained as a collective action pursuant to 29 U.S.C. section 216(b);

3.   An order certifying that Counts II and III of the action may be maintained as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23;

4.   Compensatory and statutory damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial based on, *inter alia*, the unpaid

- 15 -

balance of compensation owed by ZALE;

5.  Liquidated damages pursuant to, *inter alia*, 29 U.S.C. section 216(b) and California Labor Code section 1194.2;

6.  Waiting time penalties pursuant to, *inter alia*, California Labor Code section 203;

7.  Statutory penalties pursuant to, *inter alia*, California Labor Code section 226;

8.  Attorneys' fees pursuant to, *inter alia*, 29 U.S.C. section 216(b), and California Labor Code sections 218.5, 226, 1194;

9.  Costs of this suit pursuant to, *inter alia*, 29 U.S.C. section 216(b), and California Labor Code sections 218.5, 226 1194;

10. Pre- and post-judgment interest pursuant to, *inter alia*, California Labor Code section 218.6; and

11. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that this matter be heard and decided by trial by jury.

Dated: July 3, 2013                        **SULLIVAN LAW GROUP, APC**

*s/ Lara A. Prodanovich*
Lara A. Prodanovich
Lprodanovich@sullivanlawgroupapc.com
Attorney for Plaintiff NAOMI TAPIA, individually
and on behalf of other members of the general
public similarly situated

- 16 -

Complaint

# Exhibit A

ZALE CORP USA

## Payroll Register

Report Date: 06-MAR-2013

Rpt Seq Id: 2
Employee Name: Tapia , Naomi J
Assignment No: 1038257
Payroll Name: Zale Hourly
Consolidation: QuickPay Zale Delaware
GRE Name: Zale Delaware, Inc.
Organization: 001654 ZALES JEWELERS
Location: 01654

Tax Filling   Status   Exemptions
Federal       Single        0
CA            Single/Married w/   0

Pay Process: QuickPay Run
Run Type: Regular
Pay Rate: 0.00
Gross Earnings: 762.50
Gross Pay: 762.50
Net Pay: 1299.38
Net Pay: 649.69
Date Paid: 01-JUL-2012

Starting Pay Date:01-JUN-2012   Ending Pay Date:15-NOV-2012

Payment Method: ZALE DELAWARE NACHA   Date Paid: 01-JUL-2012   Check/Advice1051825978   Amount: ******* 1582   649.69
Bank Name: Zale Paycard   Routing No.: 084003997   Account No.:   Current   Date Paid: 01-JUL-2012

Hours:
PP Adj Reg Hour   10.50      Reg Hrs Wk1 Hour   40.75
Reg Hrs Wk2 Hou   25.00

Earnings:
PP Adj Reg        105.00     Reg Hrs Wk1        407.50
Reg Hrs Wk2       250.00

Deductions:
FIT   62.10        MEDICARE   11.05
SS    32.03        SDI-CA      7.63

---

ZALE CORP USA

## Payroll Register

Report Date: 06-MAR-2013

Rpt Seq Id: 3
Employee Name: Tapia , Naomi J
Assignment No: 1038257
Payroll Name: Zale Hourly
Consolidation: ZALE CORP USA
GRE Name: Zale Delaware, Inc.
Organization: 001654 ZALES JEWELERS
Location: 01654

Tax Filling   Status   Exemptions
Federal       Single        0
CA            Single/Married w/   0

Pay Process:   Run
Run Type: Regular
Pay Rate: 0.00
Gross Earnings: 412.50
Gross Pay: 412.50
Net Pay: 352.09
Net Payments: 352.09
Date Paid: 12-JUL-2012

Starting Pay Date:01-JUN-2012   Ending Pay Date:15-NOV-2012

Payment Method: ZALE DELAWARE NACHA   Date Paid: 12-JUL-2012   Check/Advice1054427098   Amount: ******* 1582   352.09
Bank Name: Zale Paycard   Routing No.: 084003397   Account No.:   Current   Date Paid: 12-JUL-2012

Hours:
Hol Wkd Hrly Wk   5.50       Reg Hrs Wk1 Hou   20.50
Reg Hrs Wk2 Hou   15.25

Earnings:
Hol Wkd Wk2       55.00      Reg Hrs Wk1        205.00
Reg Hrs Wk2       152.50

Deductions:
FIT   32.98        MEDICARE    5.99

# Exhibit B

| EMPLOYE | BUS DATE | STORE ID | ASSOC IN | ASSC OUT | MGR IN | MGR OUT | SOURCE |
|---|---|---|---|---|---|---|---|
| 1038257 | 08/25/2012 00:00:00 | 1,654 | 0900 | 1403 | 0900 | 1403 | CATS |
| 1038257 | 08/25/2012 00:00:00 | 1,654 | 0900 | 1403 | 0900 | 1403 | CATS |
| 1038257 | 08/26/2012 00:00:00 | 1,654 | | | 1000 | 1300 | CATS |
| 1038257 | 08/26/2012 00:00:00 | 1,654 | | | 1330 | 1700 | CATS |
| 1038257 | 08/27/2012 00:00:00 | 1,654 | 0902 | 1345 | | | CATS |
| 1038257 | 08/27/2012 00:00:00 | 1,654 | 1412 | 1703 | | | CATS |
| 1038257 | 08/29/2012 00:00:00 | 1,654 | 0901 | 1400 | | | CATS |
| 1038257 | 09/02/2012 00:00:00 | 1,654 | 1001 | 1503 | | | CATS |
| 1038257 | 09/05/2012 00:00:00 | 1,654 | 0905 | 1407 | | | CATS |
| 1038257 | 09/09/2012 00:00:00 | 1,654 | 0902 | 1007 | | | CATS |
| 1038257 | 09/09/2012 00:00:00 | 1,654 | 0902 | 1007 | | | CATS |
| 1038257 | 09/09/2012 00:00:00 | 1,654 | 0902 | 1100 | | | CATS |
| 1038257 | 09/10/2012 00:00:00 | 1,654 | 1629 | 2130 | | | CATS |
| 1038257 | 09/10/2012 00:00:00 | 1,654 | 1629 | 2131 | | | CATS |
| 1038257 | 09/11/2012 00:00:00 | 1,654 | 0900 | 1415 | | | CATS |
| 1038257 | 09/14/2012 00:00:00 | 1,654 | 0900 | 1400 | | | CATS |
| 1038257 | 09/16/2012 00:00:00 | 1,654 | 1000 | 1500 | | | CATS |
| 1038257 | 09/17/2012 00:00:00 | 1,654 | 1627 | 2141 | | | CATS |
| 1038257 | 09/17/2012 00:00:00 | 1,654 | 1627 | 2140 | 1627 | 2140 | CATS |
| 1038257 | 09/18/2012 00:00:00 | 1,654 | 0904 | 1359 | | | CATS |
| 1038257 | 09/23/2012 00:00:00 | 1,654 | 0705 | 1238 | | | CATS |
| 1038257 | 09/23/2012 00:00:00 | 1,654 | 1306 | 1505 | | | CATS |
| 1038257 | 09/23/2012 00:00:00 | 1,654 | 1306 | 1505 | | | CATS |
| 1038257 | 09/23/2012 00:00:00 | 1,654 | 0705 | 1238 | | | CATS |
| 1038257 | 09/24/2012 00:00:00 | 1,654 | 1629 | 2135 | | | CATS |
| 1038257 | 09/24/2012 00:00:00 | 1,654 | 1629 | 2136 | 1629 | 2136 | CATS |
| 1038257 | 09/25/2012 00:00:00 | 1,654 | 0859 | 1402 | | | CATS |
| 1038257 | 09/26/2012 00:00:00 | 1,654 | 0900 | 1411 | | | CATS |
| 1038257 | 09/27/2012 00:00:00 | 1,654 | 0902 | 1400 | | | CATS |
| 1038257 | 09/28/2012 00:00:00 | 1,654 | 0900 | 1412 | | | CATS |
| 1038257 | 09/30/2012 00:00:00 | 1,654 | 1000 | 1516 | | | CATS |
| 1038257 | 10/03/2012 00:00:00 | 1,654 | 0905 | 1401 | | | CATS |
| 1038257 | 10/07/2012 00:00:00 | 1,654 | | | 1930 | 2229 | CATS |
| 1038257 | 10/09/2012 00:00:00 | 1,654 | 1631 | 2141 | 1631 | 2141 | CATS |
| 1038257 | 10/09/2012 00:00:00 | 1,654 | 1631 | 2140 | | | CATS |
| 1038257 | 10/10/2012 00:00:00 | 1,654 | 0900 | 1412 | | | CATS |
| 1038257 | 10/14/2012 00:00:00 | 1,654 | 1013 | 1458 | | | CATS |
| 1038257 | 10/14/2012 00:00:00 | 1,654 | 1900 | 2318 | 1900 | 2318 | CATS |
| 1038257 | 10/14/2012 00:00:00 | 1,654 | 1900 | 2317 | | | CATS |
| 1038257 | 10/15/2012 00:00:00 | 1,654 | 1631 | 2134 | 1631 | 2134 | CATS |
| 1038257 | 10/15/2012 00:00:00 | 1,654 | 1631 | 2133 | | | CATS |
| 1038257 | 10/21/2012 00:00:00 | 1,654 | 1003 | 1511 | | | CATS |
| 1038257 | 10/21/2012 00:00:00 | 1,654 | 1003 | 1511 | | | CATS |
| 1038257 | 10/22/2012 00:00:00 | 1,654 | 0951 | 1417 | | | CATS |

# Exhibit C

## Payroll Register

Starting Pay Date:01-JUN-2012    Ending Pay Date:15-NOV-2012

Rpt Seq Id:      11
Employee Name:   Tapia , Naomi J
Assignment No:   10382S7
Payroll Name:    Zale Hourly
Consolidation:   ZALE CORP USA
GRE Name:        Zale Delaware, Inc.
Organization:    001654 ZALES JEWELERS
Location:        01654

| Tax Filing | Status | Exemptions | | |
|---|---|---|---|---|
| Federal | Single | 0 | Pay Process: | Run |
| CA | Single/Married w/ | 0 | Run Type: | Regular |
| | | | Pay Rate: | 0.00 |
| | | | Gross Earnings: | 302.15 |
| | | | Gross Pay: | 302.15 |
| | | | Net Pay: | 260.11 |
| | | | Net Payments: | 260.11 |
| | | | Date Paid: | 01-NOV-2012 |

Payment Method: ZALE DELAWARE NACHA   Date Paid: 01-NOV-2012   Check/Advice:091478910   Amount:  260.11
Bank Name: Zale Paycard   Routing No.: 084003997   Account No.: ******** 1582
                                                                 Current

Hours:
Earnings:

| | | | |
|---|---|---|---|
| Reg Hrs Wk2 Hou | 9.75 | Reg Hrs Wk1 Hou | 13.00 |
| Comm Wk2 | | OT Hourly Wk1 H | 1.00 |
| Reg Hrs Wk2 | 59.65 | Reg Hrs Wk1 | 130.00 |
| Reg Hrs Wk2 | 97.50 | OT Wk1 | 15.00 |

Deductions:

| | | | |
|---|---|---|---|
| FIT | 21.95 | MEDICARE | 4.38 |
| SS | 12.69 | SDI-CA | 3.02 |

---

ZALE CORP USA

## Payroll Register          Report Date: 06-MAR-2013

Starting Pay Date:01-JUN-2012    Ending Pay Date:15-NOV-2012

Rpt Seq Id:      12
Employee Name:   Tapia , Naomi J
Assignment No:   10382S7
Payroll Name:    Zale Hourly
Consolidation:   ZALE CORP USA
GRE Name:        Zale Delaware, Inc.
Organization:    001654 ZALES JEWELERS
Location:        01654

| Tax Filing | Status | Exemptions | | |
|---|---|---|---|---|
| Federal | Single | 0 | Pay Process: | Run |
| CA | Single/Married w/ | 0 | Run Type: | Regular |
| | | | Pay Rate: | 0.00 |
| | | | Gross Earnings: | 0.00 |
| | | | Gross Pay: | 0.00 |
| | | | Net Pay: | 0.00 |
| | | | Net Payments: | 0.00 |
| | | | Date Paid: | 15-NOV-2012 |

Hours:          Current
Earnings:       Current
Deductions:     Current