# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI TAPIA, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br>v.<br><br>ZALE DELAWARE INC.,<br><br>Defendant. | CASE NO. 13-CV-1565-BAS(PCL)<br><br>ORDER DENYING DEFENDANT'S MOTIONS TO DECERTIFY CLASS AND STAY NOTICE AND SETTING HEARING ON CROSS MOTIONS FOR SUMMARY JUDGMENT<br><br>[Doc. Nos. 85 & 86] |

On April 6, 2016, the Court granted Plaintiff Naomi Tapia's motion to certify a class of employees in this wage dispute with Defendant Zale Delaware Inc. [Doc. No. 76] The Court agreed with Plaintiff that its overtime compensation claim raised a common question that was suitable for resolution "in one stroke." *See Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1164-65 (9th Cir. 2014) (citations omitted).

On May 2, 2016, the Ninth Circuit Court of Appeals decided *Corbin v. Time Warner Entertainment-Advance/Newhouse Partnership*, 821 F.3d 1069 (9th Cir. 2016). The *Corbin* case affirmed the entry of summary judgment in the employer's favor because its rounding policy to calculate wages was neutral on its face and as applied.

Defendant now moves to decertify the class and to stay dissemination of class notice in light of the *Corbin* decision. The Court finds that these motions can be resolved without oral argument. *See* Civ. L. R. 7.1(d)(1).

1    Based on a thorough review of the briefs and governing law, the Court denies
2 the motion to decertify.  Defendant argues the merits of its liability, which is an
3 argument more suited to a motion for summary judgment or trial.  Accordingly, the
4 Court also denies Defendant's motion to stay dissemination of the notice to class
5 members.

6                                    Background

7    Defendant's motion challenges only a small part of the class certification
8 Order.[1]  Defendant argues that the *Corbin* decision requires decertification of the
9 overtime compensation claim.

10   As relevant to that narrow issue, Plaintiff alleged that Defendant failed to pay
11 employees for all hours worked, including minimum wage and overtime
12 compensation.  *E.g.*, First Am. Compl. ¶¶ 15-16, 24.  Plaintiff alleged that
13 Defendant's "uniform compensation policy" "shaved" minutes from time records.
14 *Id.* ¶¶ 52-58.

15   In its Amended Answer, Defendant generally denied it "time shaves" and
16 denied that its employees "did not receive all due compensation."  *E.g.*, Am.
17 Answer ¶¶ 43-44, 53, 57.  Defendant pled twenty-five affirmative defenses.  *Id.* at
18 22-27.  In addition, it set forth a "separate defense" that its "timekeeping policy is
19 fair and neutral on its face and is used in such a manner that it will not result, over a
20 period of time, in failure to compensate the employees properly for all time they
21 have actually worked."  *Id.* at 30.  Defendant included a statement that the Plaintiff
22 bears the burden of proving that Defendant "'shaved' time from Plaintiff's
23 timecard."  *Id.* at 30-31.

24   Pursuant to Federal Rule of Civil Procedure 23, Plaintiff moved to certify a
25 class to determine whether Defendant fully compensated its employees as required
26 by State and Federal law.  Plaintiff contended that Defendant had a standard policy

27 ─────────────
28   [1]The Court held that Plaintiff's itemized wage statement, meal period, rest period, and waiting time penalty claims also satisfied the Rule 23 requirements.  The Court also conditionally certified a class pursuant to the Fair Labor Standards Act.

1  and practice to "shave" minutes from time records before it calculated wages. In its
2  opposition to class certification, Defendant raised the defense that its "rounding"
3  practice is legal on its face and neutral as applied. *See See's Candy Shops, Inc. v.*
4  *Super. Ct.*, 210 Cal. App. 4th 889 (2012).

5  The Court considered the evidence the parties submitted, including
6  Defendant's manuals, deposition testimony, and competing expert reports
7  evaluating a sample of employee time records. The evidence showed that
8  Defendant calculated time and wages for all hourly employees with its "Point of
9  Sale" computer system. The Court held that Defendant's standard policy met the
10 commonality requirement of Rule 23. "[T]he class members' claims 'depend upon a
11 common contention' such that 'determination of its truth or falsity will resolve an
12 issue that is central to the validity of each claim in one stroke.'" *See Jimenez*, 765
13 F.3d at 1164-65. In addition, the Court cited the Sixth Circuit's observation that a
14 defendant who believes it has a winning argument against classwide liability
15 "should welcome class certification" as that it provides the opportunity to resolve
16 claims of all class members at once. *In re Whirlpool Corp. Front-Loading Washer*
17 *Prods. Liab. Litig.*, 722 F.3d 838, 857 (6th Cir. 2013).

18 On June 8, 2016, Defendant filed this motion to decertify based on a new
19 legal development. Defendant argues that *Corbin* "unequivocally rejected"
20 Plaintiff's legal theory of liability, demonstrates that its own rounding policy is
21 lawful, and leaves Plaintiff without any cognizable legal theory; therefore, that part
22 of the class should be decertified.

23                                      Discussion
24 A. Defendant Pled the Rounding Issue

25 Plaintiff argues that Defendant failed to identify the defense in its Answer.
26 Fed. R. Civ. P. 8(c). Having waived this defense, Plaintiff maintains that Defendant
27 cannot argue that rounding applies here. *See Arizona v. California*, 530 U.S. 392
28 (2000).

1    The Court rejects this argument. The Court finds that the Amended Answer
2 gives fair notice of the "nature and grounds" for Defendant's rounding practice.
3 *Stevens v. Corelogic, Inc.*, No. 14-CV-1158-BAS, 2015 U.S. Dist. LEXIS 156161,
4 at *5 (S.D. Cal. Nov. 17, 2015) (citing *Kohler v. Islands Rests., LP*, 280 F.R.D. 560,
5 564 (S.D. Cal. 2012)). The language on page 30 of the pleading tracks the federal
6 regulation on rounding. It permits employers who use time clocks to record starting
7 and stopping times to round to the nearest five to fifteen minutes, provided the
8 practice is neutral in its impact on the employees and compensates "the employees
9 properly for all the time they have actually worked." 29 C.F.R. 785.48 (2011);
10 *Alonzo v. Maximus, Inc.*, 832 F. Supp. 2d 1122, 1126 (C.D. Cal. 2011). Thus,
11 Defendant preserved its right to rely on rounding.
12    The parties also dispute whether rounding is an affirmative defense upon
13 which Defendant bears the burden of proof. *Stevens*, 2015 U.S. Dist. LEXIS
14 156161, at *6 (citing *Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 492 n.4 (9th
15 Cir. 1988)). The Court will resolve this issue when it addresses Defendant's motion
16 for summary judgment. It is not necessary at this time to characterize the rounding
17 defense as either a negative or an affirmative defense.
18 B. <u>Standard for a Motion to Decertify a Class</u>
19    Rule 23 instructs courts to determine whether to certify a class "[a]t an early
20 practicable time." Fed. R. Civ. P. 23(c)(1)(A). Once a Rule 23(b)(3) class is
21 certified, "the court must direct to class members the best notice practicable." *Id.*
22 23(c)(2).
23    The Court has wide discretion to manage a class action. *Lamphere v. Brown*
24 *Univ.*, 553 F.2d 714, 720 (1st Cir. 1977) (underscoring "need for the district court to
25 follow closely the developing evidence as to class-wide decision making and to take
26 seriously its power under rule 23(c)(1) to alter or amend its certification order
27 before the decision on the merits"); *see Knight v. Kenai Peninsula Borough Sch.*
28 *Dist.*, 131 F.3d 807, 816 (9th Cir. 1997). It may modify its certification order before

final judgment. Fed. R. Civ. P. 23(C). The Court may act *sua sponte* to narrow the scope of the class definition or entertain a defendant's motion to decertify the class. *Id.*

When the defendant moves to modify the class definition, it bears a "heavy burden" to show that the facts or other circumstances no longer support certification. *Gonzales v. Arrow Fin. Svcs. LLC*, 489 F. Supp. 2d 1140, 1153-54 (S.D. Cal. 2007) (citations omitted); *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 651 (C.D. Cal. 2000). The Court applies the same standard used to evaluate its original decision to certify the class, that is, whether the current conditions satisfy the criteria of Rule 23(a) and (b)(3). *Gonzales*, 489 F. Supp. 2d at 1153.

C. <u>Analysis of Motion to Decertify the Overtime Compensation Issue</u>

The Court is not persuaded by Defendant's logic. Defendant argues its liability. Defendant made this same attack to oppose the original motion. Defendant now cites *Corbin* to show its own rounding policy satisfies its obligation to pay employees for all time worked in a day or week. Defendant's argument that it has a facially neutral policy and procedure to calculate an employee's wages relates to the ultimate question of whether it will prevail on the merits. Moreover, the logic of the *Corbin* decision supports the Court's Rule 23 analysis. The question of whether Defendant's rounding policy is neutral on its face is a common question of law and fact. Similarly, Defendant's suggestion that the evidence shows that its rounding policy as applied over a period of time does not disadvantage the employee is a disputed question of fact that can be raised in a Rule 56 motion or resolved at trial.

Defendant cites the statement in the Supreme Court's *Wal-Mart* decision that "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's causes of action." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551-52 (2011) (internal quotation marks and citation omitted). Defendant misuses this quotation to support its position. In

*Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194-95 (2013), the Supreme Court restated the longstanding principle that "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." The Ninth Circuit has clarified and emphasized that the duty to conduct a "rigorous analysis" of the Rule 23 factors does not mean that the district court examines the merits to determine whether a defendant in fact was underpaying its employees. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011). "To hold otherwise would turn class certification into a mini-trial." *Id.*

When the Court granted Plaintiff's Rule 23 motion, it conducted the "rigorous analysis" into the required elements and probed "beyond the pleadings before coming to rest on the certification issue." *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 160 (1982). The Court examined the factors, including whether the lawsuit raised common questions of fact or law. Defendant's insistence that it is not liable because of its allegedly neutral rounding procedure is itself a common question that can be resolved for all employees in one action.

D.  Notice to Class and Summary Judgment Motions

Defendant also filed a motion to stay notice to the class until the Court decided its motion to decertify. Because the Court finds that class treatment is still appropriate, the Court denies the motion to delay notice to the potential class members.

Both parties have filed motions for partial summary judgment. [Doc. Nos. 78 & 89] The Court will hear argument on these motions on **Monday, December 12, 2016, at 2:30 p.m. in Courtroom 4B.** The parties shall take the steps necessary to ensure that the notice is approved and disseminated in a time consistent with this hearing date.

Defendant suggested that it may file additional summary judgment motions. Absent a showing of good cause, the Court will not entertain further, piecemeal summary judgment motions. *See Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th

Cir. 2012) (district courts have broad discretion to control course of civil litigation); *United States v. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc) (district courts have power to manage their cases to ensure efficient and orderly resolution).

Once the Court decides the pending substantive motions, it will schedule the final pretrial conference.

## Conclusion

For the reasons stated above, the Court DENIES Defendant's motion to decertify the class [Doc. No. 85] and DENIES Defendant's motion to stay dissemination of class notice [Doc. No. 86].

The parties shall appear for oral argument on the cross motions for summary judgment on **December 12, 2016 at 2:30 p.m.**  [Doc. Nos. 78 & 89]

**IT IS SO ORDERED**.

DATED: July 25, 2016

Hon. Cynthia Bashant
United States District Judge