EXHIBIT A

William B. Sullivan CA Bar No. 171637
helen@sullivanlawgroupapc.com
Eric K. Yaeckel CA Bar No. 274608
eyaeckel@sullivanlawgroup.com
Clint S. Engleson CA Bar No. 282153
cengleson@sullivanlawgroupapc.com
**SULLIVAN LAW GROUP, APC**
2330 Third Avenue
San Diego, CA  92101
Telephone:  619.702.6760
Facsimile:   619.702.6761

Attorneys for Plaintiff NAOMI TAPIA and the CERTIFIED CLASS

Spencer C. Skeen CA Bar No. 182216
spencer.skeen@ogletreedeakins.com
Marlene M. Moffitt CA Bar No. 223658
marlene.moffitt@ogletreedeakins.com
Tim L. Johnson CA Bar No. 265794
tim.johnson@ogletreedeakins.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
4370 La Jolla Village Drive, Suite 990
San Diego, CA  92122
Telephone:  858.652.3100
Facsimile:   858.652.3101

Attorneys for Defendant ZALE DELAWARE, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI TAPIA, individually, and on behalf of other members of the general public similarly situated,<br><br>          Plaintiff,<br><br>          v.<br><br>ZALE DELAWARE, INC., d/b/a ZALE CORPORATION, a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No. 13-cv-1565 BAS PCL<br><br>**JOINT STIPULATION OF CLASS ACTION SETTLEMENT**<br><br><br><br><br><br>Complaint Filed: July 3, 2013 |

This Joint Stipulation of Class Action Settlement ("Joint Stipulation") is made and entered by and between Plaintiff Naomi Tapia ("Plaintiff"), in her individual capacity, as a class representative, and as a private attorney general, on one hand, and Defendant Zale Delaware, Inc. ("Zale"), on the other hand. Subject to the approval of the Court, the above-referenced action is being compromised and settled under the terms and conditions set forth herein. This Joint Stipulation will be binding on Plaintiff and the class she purports to represent, and Zale, subject to the terms and conditions hereof and approval of the Court.

## I.   DEFINITIONS

To the extent terms or phrases used in this Joint Stipulation are not specifically defined below, but are defined elsewhere in this Joint Stipulation, they are incorporated herein by reference.

"Action" means the above-entitled class action pending in the United States District Court, for the Southern District of California.

"Class" or "Class Members" means all non-exempt, hourly-paid employees who worked for Zale in California during the Class Period. "Class Member" means a single non-exempt employee who worked for Zale in California during the Class Period.

"Class Counsel" means Sullivan Law Group, APC.

"Class Period" means the time from July 3, 2009 to April 13, 2017.

"Complaint" means the operative complaint filed in the Action.

Zale means Zale Delaware, Inc. and any of its officers, directors, owners, agents, assigns, employees, parent entities, subsidiaries, affiliates, predecessors, and successors, including without limitation Zale Corporation, Sterling Jewelers Inc., Sterling Inc., and Signet Jewelers Ltd.

"Effective Date" means the date by which the Court's order granting Final Approval of this Joint Stipulation becomes final. Such order becomes final upon the following events: (i) if no objections to the settlement are filed, or if an objection is

1  filed but is withdrawn prior the Court's final approval hearing, upon the Court
2  issuing an order granting Final Approval of this Joint Stipulation; (ii) in the event
3  there are written objections filed prior to the final approval hearing which are not
4  thereafter withdrawn prior to this hearing, the later of the following events: (a) the
5  day after the last date by which a notice of appeal to the Ninth Circuit Court of
6  Appeals of the order may be timely filed, and none is filed; (b) if an appeal is filed,
7  and the appeal is finally disposed of by ruling, dismissal, denial, or otherwise, the
8  day after the last date for filing a request for further review of the Court of Appeals'
9  decision passes, and no further review is requested; (c) if an appeal is filed and there
10 is a final disposition by ruling, dismissal, denial, or otherwise by the Court of
11 Appeals, and further review of the Court of Appeals' decision is requested, the day
12 after the request for review is denied with prejudice and/or no further review of the
13 order can be requested; or (d) if review is accepted, the day the United States
14 Supreme Court affirms the Settlement.

15      "Final Approval" means the date upon which the Court enters an order
16 granting final approval of this Joint Stipulation, after having determined that the
17 settlement is fair, adequate, and reasonable to the Class following notice to the Class
18 and a hearing on the fairness of the settlement.

19      "Final Approval Hearing" means the final hearing held to ascertain the
20 fairness, reasonableness, and adequacy of the Joint Stipulation, at which time the
21 Court will enter its order approving the Joint Stipulation finally.

22      "Opt-Out" means all persons who timely and validly request exclusion from
23 the Class.

24      "Parties" means Plaintiff and Zale.

25      "Preliminary Approval" means the court order preliminarily approving this
26 Joint Stipulation.

27      "Preliminary Approval Hearing" means the hearing held on the motion for
28 preliminary approval of the Joint Stipulation.

"Released Claims" means all claims for wages, damages, unpaid costs, penalties, liquidated damages, benefits, fringes, interest, attorney fees, litigation costs, restitution, or equitable relief, which Plaintiff, the Class and/or any Class Member had, or may claim to have, against any of the Released Parties, arising out of the facts, circumstances, and primary rights during the Class Period as set forth in this Action. These claims, listed above, are released, whether known or unknown, under California Civil Code § 1542.

"Released Parties" means Zale and all of its past and present owners, officers, directors, shareholders, employees, agents, assigns, attorneys, insurers, parent companies, subsidiaries, and affiliates, and their respective predecessors, successors, and assigns, including but not limited to: Zale Corporation, Sterling Jewelers Inc., Sterling Inc., and Signet Jewelers Ltd.

"Settlement Administrator" means CPT Group, Inc.

"Settlement Administrator's Fees" means all fees, costs and expenses relating to the administration of the settlement in this Action, including without limitation, printing and mailing Class Notice Forms, receiving and processing Claim Forms and Opt-Out Forms, calculating and determining payments and percentages, regularly updating counsel on the status of administration, and the accounting and maintenance of the Settlement Fund Account.

"Settlement Fund Account" means the bank account established under this Joint Stipulation from which all monies payable under this Joint Stipulation shall be paid, as set forth herein.

"Total Settlement Amount" means up to $1,800,000 that Zale will pay in the aggregate to resolve this Action, on a claims-made basis. The Total Settlement Amount is all-inclusive. The Total Settlement Amount includes Class Members' settlement payments, the incentive award to Plaintiff, Class Counsel's attorney fees and costs, the Settlement Administrator's Fees, and the payment to the Labor and

1  Workforce Development Agency ("LWDA") for penalties under California Labor

2  Code §§ 2699 et seq. ("PAGA").

3       "Minimum Settlement Payments" means the amounts Zale must pay of the

4  Total Settlement Amount. These include (1) Class Members' settlement payments

5  (Zale will pay at least $504,000 to Class Members who submit valid claims); (2) the

6  incentive award to Plaintiff ($10,000); (3) Class Counsel's attorney fees and costs

7  ($504,000 in fees and $6,000 in costs); (4) the Settlement Administrator's fees

8  (estimated between $24,866.71 and $29,276.31); and (5) PAGA penalties ($20,000).

9  ## II.    PRE-TRIAL PROCEEDINGS AND NEGOTIATIONS

10  ### A.    Discovery, Investigation and Research

11       The Parties investigated facts and law during the prosecution of the Action.

12  The investigation included the exchange of information under formal and/or informal

13  discovery. It also includes motion practice including class certification briefing,

14  decertification briefing, briefing on cross-motions for summary judgment, numerous

15  conferences between the Parties, and preparing for and attending two mediations, the

16  last one with the Hon. Herbert Hoffman (Ret). Counsel for the Parties also

17  investigated applicable law as applied to the facts in the case, potential defenses

18  thereto, and damages claimed by Plaintiff on behalf of herself and the Class.

19  Discovery focused on Plaintiff's allegations that Class Members were not paid all

20  wages owed, including overtime wages, were not provided with all meal and rest

21  breaks under California law, and received improper wage statements. Discovery

22  included Class Members' time and pay records. The Parties conducted their own

23  evaluations of the potential recoveries based on the claims alleged in the Action.

24  ### B.    Allegations of the Class Representative and Benefits of Settlement

25       This Joint Stipulation was reached after arm's-length bargaining by the Parties

26  with the assistance of an experienced mediator, and after Class Counsel thoroughly

27  reviewed all available evidence. The information exchanged between the Parties

28  allowed them to assess the merits and to compromise the issues.

Plaintiff and Class Counsel contend the claims asserted in the Action have merit. But they acknowledge the expense and delay of continued litigation. Class Counsel considered the uncertain outcome and risk of litigation, and the difficulties and delays inherent in such litigation. Class Counsel also considered the potential difficulty maintaining the Action as a class action, particularly regarding Plaintiff's overtime claims and claims based on rounding.

Class Counsel determined this Joint Stipulation confers substantial benefit to the Class and an independent review by the Court will confirm this conclusion. Class Counsel determined this Joint Stipulation is in the best interests of Plaintiff and Class Members. Class Counsel determined the Fair Labor Standards Act ("FLSA") claims should be dismissed without prejudice.

### C.    Zale's Denials of Wrongdoing and Benefits of Settlement

Zale generally denies all claims alleged in the Action and further denies class treatment is appropriate for any purpose other than this settlement. Zale contends it complied with California and federal law. It is Zale's position that, if litigation continued, class certification would be reversed. Plaintiff is not an adequate class representative, Plaintiff's claims are not typical of the Class Members, and individual issues predominate over common ones. Additionally, the Ninth Circuit's decision in *Corbin v Time Warner Entertainment*, 821 F.3d 1069 (9th Cir. 2016) undermines Plaintiff's FLSA claims. However, Zale concluded further litigation would be protracted and expensive. Zale determined it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions herein.

### D.    Intent of the Settlement

The Joint Stipulation intends to achieve: (1) entry of an order approving the Joint Stipulation and granting the monetary relief set forth herein; (2) entry of judgment on Plaintiff's claims alleged under Federal Rule of Civil Procedure 23 and dismissal without prejudice of her claims under the FLSA; and (3) discharge of Released Parties from liability for all Released Claims.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.   PROCEDURAL ISSUES

### A.   Preliminary Approval

Class Counsel will submit this Joint Stipulation to the Court with a Motion for Preliminary Approval of Class Action Settlement. Zale will file a joinder to the Motion for Preliminary Approval of Class Action Settlement.

### B.   Settlement Administrator

The Settlement Administrator will handle: (1) preparing, printing, and mailing simultaneously the Class Notice in substantially the same form as attached **Exhibit 1**, the Claim Form in substantially the same form as attached **Exhibit 2**, and the Opt-Out Form in substantially the same form as attached **Exhibit 3** (collectively, the "Notice Packet"); (2) receiving and reviewing Claim Forms and Opt-Out Forms; (3) calculating payments under the settlement; (4) handling inquiries from Class Members concerning the Class Notice, Opt-Out Form, and/or Claim Form; (5) providing weekly status reports to Zale's counsel and Class Counsel regarding the mailings, claim forms, opt-out forms, and settlement payments; (6) distributing settlement payments to Class Members and payment to other parties under the terms of this Joint Stipulation; (7) providing due diligence declarations for submission to the Court, as needed; (8) printing and providing Class Members and Plaintiff with tax forms as required under this Joint Stipulation and applicable law, and providing copies of same to Zale; and (9) such other tasks as the Parties mutually agree or the Court orders the Settlement Administrator to perform.

The Settlement Administrator will skip trace and re-mail all returned, undelivered mail within 7 days of receiving notice that the mailing was undeliverable. The Settlement Administrator will also handle payment to Plaintiff for her incentive payment, payment of Class Counsel's attorney fees and expenses approved by the Court, and payment of PAGA penalties to the LWDA.

Settlement Administrator's Fees are estimated to be between $24,866.71 and $29,276.31, depending on the claim rate, and are to be paid from the Total Settlement Amount.

### C.    Notice to Class Members

If the Court grants Preliminary Approval, notice will be provided to Class Members in as follows:

Within 10 calendar days of Preliminary Approval, Zale will provide the Settlement Administrator with the following information about each Class Member: (1) name; (2) last known mailing address and telephone number; (3) social security number; (4) dates of employment; and (5) total workweeks worked during the Class Period.

Within 10 calendar days after the Settlement Administrator's receipt of the class data, it will mail the Notice Packet to Class Members via first-class regular U.S. mail.

Prior to mailing, the Settlement Administrator will perform a search based on the National Change of Address Database information to update and correct for any known or identifiable address changes. It will be conclusively presumed the Class Member received the Notice Packet and all of its contents if the Notice Packet has not been returned within 30 days of mailing. If a new address is obtained by way of a returned Notice Packet, then the Settlement Administrator will promptly forward the original Notice Packet to the updated address via first-class regular U.S. mail, indicating on the original packet the date of such re-mailing.

A returned Notice Packet will be forwarded only once by the Settlement Administrator. Upon completion of these steps by the Settlement Administrator, Zale will be deemed to have satisfied its obligation to provide notice of the class settlement to Class Members. Such persons will be bound by all terms of the Joint Stipulation (including the release) and the Court's order and final judgment, unless they validly Opt-Out of the Class.

Class Members will have 45 calendar days from the date the Notice Packet is first mailed to Opt-Out of the Class or submit a claim. Unless a Class Member opts-out of the Class, the Class Member will be bound by all terms of the Joint Stipulation (including the release) and the Court's order and final judgment.

### D.   Procedure for Opting Out of Class

Class Members who wish to exclude themselves from the Class must mail the Settlement Administrator a signed and dated Opt-Out Form (**Exhibit 3**) requesting exclusion from the Class within 45 days after the date the Notice Packet was mailed (the "Class Member Exclusion Deadline"), unless the Court orders otherwise. The parties have drafted an Opt-Out Form for this purpose.

A request for exclusion will be deemed valid only if: (1) the Class Member provided on the Opt-Out Form his or her name, address, telephone number, and the last four digits of his or her Social Security Number by the Class Member Exclusion Deadline; (2) the Class Member dated and signed the Opt-Out Form; (3) the name and Social Security Number provided by the Class Member match Zale's records. The written request for exclusion indicates the Class Member's intent to be excluded from the settlement; the Opt-Out Form states:

> "I wish to be excluded from the Settlement in *Naomi Tapia v. Zale Delaware, Inc.*, United States District Court for the Southern District of California, Case No. 13-cv-01565 BAS (PCL). I understand that in asking to be excluded from the class, I will not receive any portion of the settlement approved by the Court in this case."

Any Class Member who timely submits a valid Opt-Out Form will not be entitled to recovery under the settlement and will not be bound by the settlement or judgment or order in this Action. They also cannot object, appeal, or comment on the settlement. Class Members who fail to properly submit an Opt-Out Form will be bound by all terms of this Joint Stipulation and any judgment and order entered in the Action.

The Settlement Administrator will provide counsel for the Parties with weekly updates about Class Members who submit Opt-Out Forms.

### E.    Procedure for Making a Claim

To receive settlement proceeds, Class Members must submit valid Claim Forms to the Settlement Administrator. Class Members who submit valid Claim Forms will be paid based on their individual weeks worked based on Zale's records.

The Claim Form will notify Class Members that it must be completed, signed, and returned by mail within 45 calendar days after the date it was mailed (the "Claim Deadline"). If the Claim Form is returned as non-deliverable and re-mailed, the Claim Form must still be completed, signed, and returned by mail within 45 days of the original mailing date to be valid. The date of the postmark on the return envelope will be the exclusive means used to determine whether a Class Member has timely returned his/her Claim Form by the Claim Deadline. Claim Forms received by the Settlement Administrator postmarked after the Claim Deadline will be disregarded unless the Court orders otherwise.

A Claim Form will be deemed "valid" only if: (1) the Class Member submitted the Claim Form attached as **Exhibit 2** by the Claim Deadline; (2) the Class Member provided on the Claim Form his or her name, address, last four digits of his or her Social Security Number, and telephone number, (3) the Class Member dated and signed the Claim Form (making no modifications, changes, or additions to the terms of the Claim Form); and (4) the name (or any part of it) and last four digits of the Social Security Number provided by the Class Member on the Claim Form match Zale's records as provided to the Settlement Administrator.

If a Class Member's Claim Form is timely but defective as to any of the aforementioned requirements, the Class Member will be given an opportunity to cure the defect(s). The Settlement Administrator will mail a deficiency notice and a copy of the defective Claim Form to the Class Member within 3 calendar days of receiving said defective Claim Form. The Class Member will be given 14 calendar days from the date the defective Claim Form and deficiency notice is mailed back to the Class Member to cure the defect(s) and return the Claim Form to the Settlement

1   Administrator. If the revised Claim Form is not postmarked within that 14-day

2   period, and the revised Claim Form is not received by the Settlement Administrator

3   within 7 days of that postmarked date, it will be deemed untimely and the claim will

4   be rejected unless the Court orders otherwise.

5       A Class Member who does not Opt-Out of the Class and fails to submit a valid

6   Claim Form will be bound by all terms of the Joint Stipulation and judgment and

7   order entered in this Action, if the settlement is approved by the Court. After the

8   conclusion of the defect cure period, the Settlement Administrator will send a Notice

9   of Denied Claim Form to any Class Member who had submitted a Claim Form that

10   was not timely and/or not valid, stating the reason the claim was denied.

11       The Settlement Administrator's determination of eligibility for, and the

12   amounts of, any settlement payment under this Joint Stipulation will be conclusive,

13   final, and binding on all Parties, including all Class Members. Any checks paid to

14   Class Members will remain valid and negotiable for 90 days from their issuance after

15   which they will become stale ("Check Stale Date") and will automatically be

16   canceled if not cashed by a Class Member within that time, at which time the Class

17   Member's claim will be deemed void and of no further force and effect. Any funds

18   remaining in the Settlement Fund Account because of any Class Member's check not

19   being cashed by the Check Stale Date will remain the property of Zale and will be

20   returned to Zale within 10 business days of the Check Stale Date.

21       If a Class Member submits both a valid Opt-Out Form and valid Claim Form, it

22   will be presumed that the Class Member changed his or her mind and the later-

23   received form will prevail. The Class Member may also contact the Settlement

24   Administrator (and the Settlement Administrator may contact the Class Member) to

25   clarify the Class Member's intent, in which case that clarification will prevail.

26   ### F.   <u>Procedure for Objecting to Settlement</u>

27       Any Class Member who seeks to object to the settlement may serve a copy of

28   the objection to the Settlement Administrator at CPT Group, Inc., 16630 Aston

JOINT STIPULATION OF CLASS ACTION SETTLEMENT

Street, Irvine, California 92606. All objections must be served within 30 days of mailing of the Class Notice.

No Class Member may be heard at the Final Approval Hearing (whether individually or through separate counsel), unless he or she has served a timely objection. Class Members who do not serve written objections may not object to the settlement by way of appeal.

### G.   Final Approval

At the Final Approval Hearing, Class Counsel will move the Court for entry of judgment under Federal Rule of Civil Procedure 23 incorporating the Joint Stipulation, and for dismissal without prejudice of Plaintiff's FLSA claims. Class Counsel will seek approval of the Joint Stipulation as being fair, reasonable, and adequate to the Class Members. Class Counsel and Zale's counsel will submit to the Court such pleading and/or evidence as required for the Court's determination.

## IV.   SETTLEMENT TERMS

### A.   Total Settlement Amount and Minimum Settlement Payments

To settle the claims arising out of the facts, circumstances, and primary rights in the Action, Zale will pay up to the aggregate Total Settlement Amount on a claims-made basis. Zale will not be required to contribute additional sums to fund the settlement or otherwise resolve this Action. Zale agrees to pay at least an aggregate amount of $504,000 to Class Members on a claims-made basis. If the aggregate value is less than this amount, the difference between $504,000 and that aggregate value will escheat to the Industrial Relations Unpaid Wages Fund maintained by the California Department of Finance.

Zale will pay the Minimum Settlement Payments in two phases. In the first phase, Zale will pay $100,000. Zale will do so within 14 calendar days of Preliminary Approval. In the second phase, Zale will pay the rest of the Minimum Settlement Payments.. If Class Members submit valid claims exceeding $504,000, Zale will also pay the difference between $504,000 and that aggregate value up to

the Total Settlement Amount. Zale will do so within 21 calendar days of the Effective Date.

As consideration for the Total Settlement Amount, Plaintiff agrees to the terms and conditions in this Joint Stipulation, including dismissing her claims under the FLSA without prejudice.

**B.    Establishment of Settlement Fund Account**

Within 7 days of Final Approval, the Settlement Administrator will establish the Settlement Fund Account in a non-interest bearing transaction account at a FDIC-insured institution designated by Zale with at least one branch in California.

**C.    Allocation of Settlement Proceeds**

The Total Settlement Amount is inclusive of and will be allocated as follows:

(a)    The Fee Award, which is the amount the Court awards to Class Counsel for their attorney fees, in an amount not exceeding 28% ($504,000) of the Total Settlement Amount;

(b)    The Cost Award, which is the amount the Court awards to Class Counsel for their reasonable costs, in an amount not exceeding $6,000;

(c)    The Incentive Award, which comprises the amount the Court awards to Plaintiff for her service as class representative, in an amount not exceeding $10,000;

(d)    The Settlement Administrator's Fees, as approved by the Court, in an amount estimated to be between $24,866.71 and $29,276.31;

(e)    PAGA penalties to the LWDA in an amount not exceeding $15,000 (which is 75% of the $20,000 allocated to PAGA penalties) and $5,000 to the Class (an amount already included as part of the Payout Fund); and

(f)    The Payout Fund, which is the total money available for payout to Class Members who submit valid Claim Forms, after deducting the above amounts.

**D.    Distribution of Settlement Proceeds**

The Settlement Administrator will keep Zale's counsel and Class Counsel apprised of all distributions from the Settlement Fund Account. No person will have

any claim against Zale, Zale's counsel, Plaintiff, Class Counsel, or the Settlement Administrator based on distributions and payments made under this Joint Stipulation.

Distribution of the Total Settlement Amount will be as follows:

**(1)** **Initial Payment**: Within 7 calendar days after the Effective Date, the Settlement Administrator will pay the Fee Award, the Cost Award, the Incentive Award, the payment to the LWDA, and the Settlement Administrator's Fees, based on how the Court rules at the Final Approval Hearing. The remainder of the Total Settlement Amount, known as the Payout Fund, will be calculated and distributed as set forth below.

**(2)** **Payout to Class Members**: The Settlement Administrator will calculate the individual settlement payments to Class Members who submit valid Claim Forms. These payments will be calculated by assigning a certain dollar value to each week Class Members worked during the Class Period. The dollar value of each week will be calculated by dividing the aggregate value of the Payout Fund by the total number of weeks worked by the Class Members during the Class Period. Partial weeks will be rounded up to the nearest full week. A Class Member's individual settlement payment will be determined by multiplying the number of weeks worked during the Class Period by the dollar value of each week.

The Settlement Administrator will calculate and pay these individual settlement payments within 35 calendar days of the Effective Date. In light of the holding in *Corbin v. Time Warner Entertainment*, 821 F.3d 1069 (9th Cir. 2016) and other applicable law, no settlement proceeds will be allocated as wages. Each individual settlement payment will be allocated 100% to penalties and interest. The Settlement Administrator will issue the appropriate federal and state tax forms.

If it is determined the settlement amount, or any portion, is taxable income, Class Members will be solely responsible for all liability for taxes and any costs, fees, interest, assessments, penalties, damages, or other losses due to such a determination. No payments made under this Joint Stipulation will be compensation

or have any effect for any employee pension benefit plan or employee welfare benefit plan sponsored by Zale.

### E.    Fee Award

Zale will not oppose Class Counsel's application for attorney fees of up to 28% ($504,000) of the Total Settlement Amount. Zale will not be obligated to pay any attorney fees of Class Counsel, Plaintiff, or Class Members above this amount. Class Counsel's attorney fee application will be submitted with supporting documentation and heard during the Final Approval Hearing. The Fee Award will be determined by the Court.

### F.    Costs Award

Zale will not oppose Class Counsel's application for costs of up to $6,000. Zale will not be obligated to pay any costs of Class Counsel, Plaintiff, or Class Members above this amount. Class Counsel's request for costs must be submitted with its fee application and with supporting documentation, and heard during the Final Approval Hearing. The Costs Award will be determined by the Court.

### G.    Incentive Award

Zale will not oppose Class Counsel's application for an incentive award to Plaintiff of up to $10,000. Zale will not be obligated to pay any incentive awards in the Action above this amount. Plaintiff's Incentive Award will be considered miscellaneous income. The Settlement Administrator will issue a Form 1099, and any other tax forms, to Plaintiff relating to this award. The Incentive Award will be determined by the Court.

### H.    Settlement Administrator's Fees

The Parties agree settlement administration costs will be deducted from the Total Settlement Amount, subject to approval by the Court. The Settlement Administrator's fees are estimated to be between $24,866.71 and $29,276.31.

## I.   PAGA Penalties

The Parties agree to allocate $20,000 of the Total Settlement Amount to the resolution of all claims for penalties under PAGA. Under Labor Code § 2699(i), 75% ($15,000) of that amount will be paid to the LWDA. This amount will be paid within 30 days after the Effective Date. The other 25% will remain part of the settlement funds.

## V.   RELEASE OF CLAIMS BY PLAINTIFF AND CLASS

Upon the Effective Date, Plaintiff and Class Members will be deemed to have released the Released Parties of and from all of the Released Claims during the Class Period. These claims include without limitation: (a) all claims for failure to pay wages, including overtime wages and claims based on alleged rounding violations; (b) all claims for failure to provide meal and/or rest periods, including payments for missed, short, or late meal/rest periods; (c) all claims for failing to pay wages timely during employment and upon termination; (d) all claims for waiting time penalties; (e) all claims for recordkeeping or pay stub violations; (f) any claim for violation of California Business and Professions Code §§ 17200, et seq., arising from the above-referenced claims and those claims in the Complaint; and (g) all claims for penalties under PAGA.

Plaintiff and Class Members' releases set forth herein include a waiver of all rights under Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Upon the Effective Date, Plaintiff and Class Members will be deemed to have waived their rights under Civil Code § 1542, for those claims listed above.

## VI.   NULLIFICATION OF THE JOINT STIPULATION

If (a) the Court should for any reason fail to approve this Joint Stipulation in the form agreed to by the Parties, or (b) the Court should for any reason fail to enter a

judgment in the Action and dismiss the FLSA claims, or (c) the judgment is reversed, modified, or declared or rendered void, this Joint Stipulation will be null and void, and neither this Joint Stipulation, nor any of the related negotiations or proceedings, will be of any force or effect, and all Parties will stand in the same position, without prejudice, as if the Joint Stipulation had not been entered or filed. Invalidation of any material portion of this Joint Stipulation will invalidate this Joint Stipulation in its entirety, unless the Parties subsequently agree in writing the remaining provisions of the Joint Stipulation are to remain in full force and effect.

If the number of Class Members who submit Opt-Out Forms reaches 10%, Zale may rescind this Joint Stipulation. If Zale rescinds, it will be responsible for settlement administration costs. It must exercise this right in writing to Class Counsel.

## VII.  DUTIES OF THE PARTIES

### A.  Mutual Full Cooperation

The Parties agree to cooperate to accomplish and implement the terms of this Joint Stipulation. Such cooperation will include, but not be limited to, execution of such other documents and taking such other actions as may reasonably be necessary to fulfill the terms of this Joint Stipulation. The Parties will use their best efforts, including all efforts contemplated by this Joint Stipulation and any other efforts that may become necessary by court order, or otherwise, to effectuate this Joint Stipulation and the terms set forth herein. As soon as practicable after execution of this Joint Stipulation, Class Counsel, with the cooperation of Zale and its counsel, will try to secure Preliminary Approval and Final Approval.

### B.  Duty to Support and Defend the Settlement

The Parties agree the settlement is fair and reasonable and will so represent to the Court. In addition, the mediator (Hon. Herbert Hoffman (Ret)) may execute a declaration supporting the settlement, and the Court may contact the mediator to discuss the settlement and whether or not the settlement is fair and reasonable. The Parties agree to abide by all terms of the Joint Stipulation in good faith and to support

the Joint Stipulation fully, and to use their best efforts to defend this settlement from any legal challenge, whether by appeal or collateral attack.

## VIII. MISCELLANEOUS PROVISIONS

### A.    No Media Comments

If contacted by the media, the Parties and Class Counsel will merely inform them that the case has been resolved, and refer them to the public filings.

### B.    Waiver of Appeals

The Parties and Class Members agree to waive any appellate rights; provided, however, Plaintiff may appeal any reduction in the attorney fees and/or cost award.

### C.    No Admission of Liability

This Joint Stipulation is not an admission of liability by Zale or any of the Released Parties.

### D.    Non-Disparagement

Plaintiff and Class Counsel agree not publicly disparage Zale or any of the Released Parties.

### E.    Construction

The Parties agree this Joint Stipulation resulted from lengthy, intensive, arm's-length negotiations, and it is not to be construed for or against any party for any reason.

### F.    Choice of Law

This Joint Stipulation is intended to and will be governed by the laws of California, without regard to conflicts of law principles. The Court will retain continuing jurisdiction to enforce the settlement.

### G.    Captions and Interpretations

Paragraph, titles, or captions contained herein are inserted as a matter of convenience and for reference only, and in no way define, limit, extend, or describe the scope of this Joint Stipulation or any provision thereof.

### H.    Modification

This Joint Stipulation may not be changed, altered, or modified, except in writing signed by counsel for the Parties and approved by the Court. This Joint Stipulation may not be discharged except by performance under its terms or by a writing signed by the Parties.

### I.    Integration Clause

All prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written, between the Parties are merged herein. No rights under this Joint Stipulation may be waived except in writing.

### J.    Successors and Assigns

This Joint Stipulation will be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

### K.    Class Counsel Signatories

Because the Class Members are so numerous, the Parties agree it is impossible or impractical to have each Class Member sign this Joint Stipulation. This Joint Stipulation may be executed on behalf of the Class by Class Counsel and Plaintiff.

### L.    Plaintiff's Waiver of Right to be Excluded or Object

Plaintiff agrees not to Opt-Out of the Class and agrees not to object to any terms of this Joint Stipulation. Non-compliance by Plaintiff with this paragraph will be void and of no force or effect. Any such request for exclusion or objection by Plaintiff will therefore void and of no force or effect.

### M.    Execution in Counterparts

This Joint Stipulation will become effective upon its execution by all of the undersigned. The Parties may execute this Joint Stipulation in counterparts, and execution of counterparts will have the same force and effect as had all Parties signed the same instrument.

[Signatures on next page]

JOINT STIPULATION OF CLASS ACTION SETTLEMENT



## PLAINTIFF/CLASS REPRESENTATIVE AND CLASS COUNSEL

DATED: February 16, 2017          By: Naomi Tapia
                                      Naomi Tapia

DATED: February 16, 2017          SULLIVAN LAW GROUP, APC


                                  By: /s/ William B. Sullivan
                                      William B. Sullivan
                                      Eric K. Yaeckel
                                      Clint S. Engleson
                                      Attorneys for Plaintiff and the Class

[Signatures on next page]

19                                    Case No. 13-cv-1565 BAS PCL

JOINT STIPULATION OF CLASS ACTION SETTLEMENT

1

## **DEFENDANT AND COUNSEL FOR DEFENDANT**

2

3   DATED: February 20, 2017      By: _____

4                                        Lynn Dennison
                                        Authorized to sign on behalf of Defendant

5                                        Zale Delaware, Inc.

6   DATED: February 20, 2017      Ogletree, Deakins, Nash, Smoak & Stewart,
                                        P.C.

7

8                            By: */s/ Spencer C. Skeen* _____

9                                    Spencer C. Skeen
                                    Marlene M. Moffitt

10                                   Tim L. Johnson
                                   Attorneys for Defendant

11                                   Zale Delaware, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

# NOTICE OF CLASS ACTION SETTLEMENT

### UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI TAPIA, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZALE DELAWARE, INC. d/b/a ZALE CORPORATION, a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 13-CV-1565-BAS-PCL<br><br>ASSIGNED FOR ALL PURPOSES TO DISTRICT JUDGE CYNTHIA BASHANT COURTROOM 4B<br><br>**NOTICE OF CLASS ACTION SETTLEMENT AND CLAIM, OBJECTION, AND OPT-OUT PROCEDURES** |

**IF YOU WORKED FOR ZALE DELAWARE, INC. AS A NON-EXEMPT EMPLOYEE IN CALIFORNIA, YOU MAY BE ENTITLED TO PARTICIPATE IN A CLASS ACTION SETTLEMENT.**

The United States District Court approved this notice. This is not an advertisement.
You are not being sued. Your legal rights are affected whether you act or not.

## PLEASE READ THIS NOTICE

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT ARE:** | |
|---|---|
| **Submit Claim** | **To participate and receive your share of the money from the settlement, you must mail a completed Claim Form, by _____, 2017. (See #15 below for instructions.)** |
| **Object** | **If you want to object to the settlement, you must write to the Court by _____, 2017 and explain why you think the settlement should not be approved. (See #16 below for instructions.) You may object to the settlement and also submit a Claim Form.** |
| **Opt-Out** | **To exclude yourself from the class and the settlement, you must mail a completed Opt-Out Form, by _____, 2017. (See #17 below for instructions) If you opt out, you may not submit a claim form or object to the settlement.** |

**YOUR RIGHTS AND OPTIONS AND THE DEADLINES TO EXERCISE
THEM ARE EXPLAINED IN THIS NOTICE**

Notice of Class Action Settlement
Questions?  Visit www.CPTgroup.com

-1-

Exhibit A
Page 23 of 34

## BASIC INFORMATION

| 1. | Why did I get this notice? |
|---|---|

Because you work, or used to work, for Zale Delaware Inc. ("Zale") in California as a non-exempt employee. You are receiving this notice because you may be a member of a class on whose behalf a class action lawsuit has been brought and was settled. The lawsuit is *Naomi Tapia v Zale Delaware, Inc.,* assigned United States District Court, Southern District of California, Case No. 13-cv-01565 BAS (PCL) (the "Class Action"). This notice explains the nature of the Class Action, the proposed settlement, and your legal rights to receive settlement proceeds, object to the settlement, or exclude yourself from the class and settlement.

| 2. | What is a class action? |
|---|---|

In a class action, one individual called a class representative (in this case, Naomi Tapia) acts as a plaintiff and sues on behalf of other people who might have similar claims. The people together are a class. One court resolves the issues for everyone in the class, except for those people who have opted out of the class.

## THE CLAIMS IN THE CLASS ACTION

| 3. | Who is in the Class? |
|---|---|

The Court approved a settlement comprising all current and former non-exempt employees of Zale who worked in California during the period July 3, 2009 through April 13, 2017 ("Class" or "Class Members").

| 4. | What is the Class Action about? |
|---|---|

The Class Action alleges that the Class was not paid regular or overtime wages or final wages upon separation from employment, as required by federal and California law; was not provided meal and rest periods under the California Labor Code and Wage Orders; and, was not provided paycheck statements including all information specified in the California Labor Code. The lawsuit also alleges these actions constituted unfair business practices under California law. The lawsuit seeks penalties under California's Private Attorneys General Act ("PAGA") set forth in California Labor Code §§ 2699 et seq.

| 5. | What is Zale's response to the Class Action? |
|---|---|

Zale denies all allegations raised in the Class Action and asserts it did not violate the law and has no liability for any of the Class Members' claims.

| 6. | Has the Court decided who is right? |
|---|---|

No. The Court has not decided whether Plaintiff Naomi Tapia is correct. By establishing the Class and issuing this notice, the Court is not suggesting Plaintiff will win or lose this case.

## SUMMARY OF THE SETTLEMENT

| 7. | Why is there a settlement? |
|---|---|

Both sides have conducted detailed investigations and analysis of the facts and applicable law. Plaintiff believes that the claims asserted have merit; Zale strongly disputes that contention. This case involves many unresolved factual and legal issues, and the outcome is uncertain. Substantial time, energy, and other resources have been devoted by both parties in litigating this case and, unless there is a settlement, that situation will continue. By

Notice of Class Action Settlement
Questions?  Visit www.CPTgroup.com

-2-

Exhibit A
Page 24 of 34

agreeing to a settlement, the parties avoid the costs, risks, and uncertainty of trial, and the Class Members will receive a financial payment and benefit.

| 8. | What does the settlement provide? |
|---|---|

Admitting no wrongdoing, Zale has agreed to pay an aggregate amount of up to $1,800,000 (the "Common Fund") to resolve the Class Action. The Common Fund will be used for:

➢ Payments to Class Members in the estimated total aggregate amount of at least $504,000 (the "Net Common Fund"), on a claims-made basis;
➢ Fees of the Settlement Administrator to administer the settlement, not to exceed $_____;
➢ Payment to the Class Representative, not to exceed $10,000;
➢ Plaintiff's counsel's fees not to exceed 28% ($504,000) of the Common Fund;
➢ Plaintiff's counsel's costs, not to exceed $6,000; and
➢ Payment to the California Labor & Workforce Development Agency ("LWDA") in the amount of $20,000.

| 9. | Who can participate in the settlement? |
|---|---|

Class Members who do not opt out of the Class and who submit valid and timely Claim Forms will receive their pro rata share of the Net Common Fund and be bound by the settlement. Objecting to the settlement will not impact whether a Class Member can claim settlement proceeds. Class Members who opt out of the Class, however, are not entitled to settlement proceeds or to object to the settlement and will not be bound by the settlement.

| 10. | How will the Class be paid? |
|---|---|

Class Members will receive a pro-rata share ("Individual Settlement Payment") of the Net Common Fund based on the number of weeks worked and credited to that individual as a percentage of the total number of weeks worked credited to all Class Members. Zale has agreed to pay at least an aggregate amount of $504,000 to Class Members, on a claims-made basis. If the aggregate value of submitted claims is less than this amount, then the balance will escheat to the Industrial Relations Unpaid Wages Fund maintained by the California Department of Finance.

| 11. | How will my share be calculated if I participate? |
|---|---|

If you wish to participate in the settlement and receive monetary compensation, you must sign and return the enclosed Claim Form **by _____, 2017** to the Settlement Administrator, as stated in #15 below. Your settlement payment will be calculated by assigning a certain dollar value to each week that Class Members worked during the Class Period. The dollar value of each week will be calculated by dividing the aggregate value of the Payout Fund by the total number of weeks worked by the Class Members during the Class Period. Partial weeks will be rounded up to the nearest full week. A Class Member's individual settlement payment will be determined by multiplying the number of weeks he or she worked during the Class Period by the dollar value of each week.

| 12. | How will Class Member weeks worked be calculated? |
|---|---|

A Class Member will be given credit only for periods of employment that the Class Member actively worked for Zale in California, between July 3, 2009, through April 13, 2017, as a non-exempt employee. The weeks worked will be rounded up or down to the nearest hundredth decimal place.

Notice of Class Action Settlement
Questions?  Visit www.CPTgroup.com

-3-

Exhibit A
Page 25 of 34

| 13. | How much will the Class Representative be paid? |
|---|---|

Subject to Court approval, Class Representative Naomi Tapia will be paid $10,000 for her service as the Class Representative.

| 14. | How will the attorneys for the Class be paid? |
|---|---|

The attorneys for the Class Representative and Class Members will recover their fees in an amount to be determined by the Court and not to exceed 28% ($504,000) of the Common Fund. Their costs of up to $6,000 will also be paid from the Common Fund, as approved by the Court.

## <u>YOUR RIGHTS AND OPTIONS</u>

| 15. | **OPTION #1:** *SUBMIT A CLAIM FORM.* |
|---|---|

**YOU MUST SUBMIT A TIMELY AND VALID CLAIM FORM TO RECEIVE SETTLEMENT PROCEEDS.**

To submit a timely and valid Claim Form, you must fill out the enclosed Claim Form with your name, address, last four digits of Social Security Number, and telephone number. You must sign and date the form, making no modifications, changes, or additions to the form. You must mail this form to the address provided on the form, **by _____, 2017**. All settlement checks will be valid for 90 days from their issuance.

The name and last four digits of the Social Security Number you provide must match Zale's records. If they do not, you will be given an opportunity to correct the defect, provided that your Claim Form was timely. If this applies to you, you will receive a deficiency notice from the Settlement Administrator with further instructions and a certain period of time to correct the defect, which must be complied with or your claim will be rejected.

| 16. | **OPTION #2:** *REMAIN A CLASS MEMBER AND OBJECT TO THE SETTLEMENT.* |
|---|---|

If you wish to remain a Class Member, but you object to the proposed settlement (or any of its terms) and want the Court to consider your objection at the final approval hearing, you must follow the procedure in this subsection. (No attorney fees will be paid by Zale for your counsel's appearance at the final approval hearing.) You can object to the settlement, even if you submit a Claim Form.

A Class Member who wishes to object to the settlement must, **by _____, 2017**, file with the Court and serve via overnight mail on the Settlement Administrator at CPT Group, Inc., 16630 Aston Street, Irvine, California 92606, a written statement objecting to the settlement. Any Class Member who does not file and serve his or her written objections within the time provided above will be precluded from making any objections to the proposed settlement.

| 17. | **OPTION #3:** *OPT-OUT OF CLASS AND SETTLEMENT* |
|---|---|

You may opt-out of the Class and the settlement by submitting a timely and valid Opt-Out Form. This allows you to be part of another lawsuit against Zale about the claims or primary rights in this case. But, you may have to get your own attorney, and you will receive no share of the money from the settlement.

To opt-out, you must fill out the enclosed Opt-Out Form with your name, address, last four digits of Social Security Number, and telephone number. You must sign and date the form, with no modification, changes, or additions. You must mail this form to the address provided on the form, **by _____, 2017**. The name and last four digits of the Social Security Number you provide must match Zale's records.

Notice of Class Action Settlement
Questions?  Visit www.CPTgroup.com

-4-

Exhibit A
Page 26 of 34

Any Class Member who timely submits a proper Opt-Out Form will not be entitled to recovery under the settlement and will not be bound by the settlement or judgment or order in this Action.

| **18.** | **What rights will I give up if I do not opt out of the Class?** |
|---|---|

All Class Members who do not opt out of the Class will be deemed to have, and will have, waived and released all claims under California Labor Code §§ 201-204, 226, 226.7, 510, 512, 1194, and 1199, and claims for violation of all similar provisions or requirements in the California Labor Code and California Industrial Welfare Commission Wage Orders, and claims based on California Business and Professions Code §§ 17200 et seq. and Labor Code §§ 2698 et seq. The release does not apply to claims for workers' compensation, unemployment insurance, employment discrimination or to any other claims Class Members may have against Zale, which are unrelated to the Action and the Released Claims. This release applies even if you submit no Claim Form. This release also applies even if you object to the settlement. The only way this release will not apply is if you submit a valid and timely Opt-Out Form, as set forth in #17. **Note: If you do not opt out of the Class and do not timely and properly return the Claim Form, you will be bound by the settlement and release, and YOU WILL NOT RECEIVE A MONETARY PAYMENT**.

| **19.** | **What will happen at the Final Approval Hearing?** |
|---|---|

A Final Approval Hearing will be held on _____, 2017, at _____ in Courtroom ____ of the United States District Court, Southern District of California, located at 221 West Broadway, San Diego, CA 92101. The Court will determine:  (i) whether the settlement should be given the Court's final approval as fair, reasonable, adequate, and in the best interests of the Class Members; (ii) the amount of the attorney fees and costs awarded to Class Counsel; and (iii) the amount that should be awarded to Plaintiff for class representative services. At the Final Approval Hearing, the Court will hear all properly-filed objections, and arguments for and against the proposed settlement. You have a right to attend this hearing, but you do not have to do so.

| **20.** | **Should I get my own lawyer?** |
|---|---|

The Court has approved the law firm of Sullivan Law Group, APC as Class Counsel. Class Counsel represents you and all Class Members in the Class Action. You may also hire an attorney (at your own cost).

## GETTING MORE INFORMATION

| **21.** | **Who are the attorneys representing the parties?** |
|---|---|

Class Counsel:
William B. Sullivan
Eric K. Yaekel
Clint Engleson
Sullivan Law Group, APC
2330 Third Avenue
San Diego, CA 92101
Tel:  (619) 702-6760

Zale's Counsel:
Spencer C. Skeen
Marlene M. Moffitt
Tim L. Johnson
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA 92122
Tel:  (858) 652-3100

***Attorneys for Zale cannot speak with Class Members without prior consent from Class Counsel.***

| **22.** | **Who is the settlement administrator?** |
|---|---|

The Settlement Administrator is CPT Group, Inc. The Settlement Administrator can be contacted at: *Naomi Tapia v. Zale Delaware, Inc.,* c/o CPT Group, Inc., 16630 Aston Street, Irvine, California 92606; Tel: 1-800-542-0900 or 1-877-705-5021; Fax: (949) 428-1021(www.cptgroup.com).

Notice of Class Action Settlement
Questions?  Visit www.CPTgroup.com

| 23. | How can I get more information? |
|---|---|

If you need more information or have questions, you may:

➢ Contact Plaintiff's Counsel (see contact information listed above).

➢ Contact the Settlement Administrator (see contact information listed above). Please refer to the Naomi Tapia v. Zale Delaware, Inc. Class Action Settlement.

➢ Inspect the pleadings and papers on file in this case by going to the Office of the Clerk of the United States District Court for the Southern District of California, located at 333 West Broadway, San Diego, CA 92101, during regular business hours of each court day.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, ZALE OR ANY OF ITS MANAGERS, OR ZALE'S ATTORNEYS ABOUT THIS NOTICE.**

Notice of Class Action Settlement
Questions?  Visit www.CPTgroup.com

-6-

Exhibit A
Page 28 of 34

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI TAPIA, individually, and on behalf of other members of the general public similarly situated,<br><br>              Plaintiff,<br><br>     v.<br><br>ZALE DELAWARE, INC., d/b/a ZALE CORPORATION, a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>           Defendants. | Case No. 13CV1565 BAS-PCL<br><br><br><br><br>**CLAIM FORM** |

## <u>CLAIM FORM:  COMPLETE FOR MONETARY RECOVERY</u>

**TO RECEIVE A MONETARY RECOVERY, YOU MUST COMPLETE, SIGN AND MAIL THIS FORM BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE _____, 2017 TO:**

> Zale's Wage and Hour Class Settlement
> c/o CPT Group, Inc.
> 16630 Aston Street
> Irvine, California 92606

## <u>INSTRUCTIONS:</u>

1.     You <u>must</u> timely complete, sign and mail this form by _____ to share in the monetary recovery.

2.     If you move, please send the Settlement Administrator your new address.

3.     If found eligible, you should not expect to receive any payment until the settlement is final, which will likely occur towards the end of this year.

**CLAIM FORM**
*Naomi Tapia v. Zale Delaware, Inc.*
**MUST RETURN BY** _____

<u>**Please Type or Print:**</u>

Name (First, Middle, Last): _____

Street Address: _____

City, State, Zip Code: _____

Former Names (if any): _____

Last four digits of your Social Security Number: _____

Daytime  Telephone  Number:  _____

Current or last Zale store where you worked: _____

**CERTIFICATION:**

        I declare under penalty of perjury under the laws of the United States and the State of California that the information I have provided on this Claim Form is true and correct.

X_____          Date:_____
        (Sign your name here)

# EXHIBIT 3

1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  NAOMI TAPIA, individually, and on<br>behalf of other members of the general<br>12  public similarly situated, | Case No. 13CV1565 BAS-PCL |
| 13              Plaintiff, | **OPT-OUT FORM** |
| 14         v. | |
| 15  ZALE DELAWARE, INC., d/b/a<br>ZALE CORPORATION, a Delaware<br>16  Corporation; and DOES 1 through 50,<br>inclusive, | |
| 17 | |
| 18              Defendants. | |

19    <u>**OPT-OUT FORM: COMPLETE FOR EXCLUSION FROM CLASS AND**</u>
20                          <u>**SETTLEMENT**</u>

21          **YOU WILL RECEIVE NO MONETARY RECOVERY. TO OPT OUT**
22    **YOU MUST COMPLETE, SIGN AND MAIL THIS FORM BY FIRST**
      **CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED**
23    **ON OR BEFORE _____, TO:**

24

25          Zale's Wage and Hour Class Settlement
26                    c/o CPT Group, Inc.
                      16630 Aston Street
27                 Irvine, California 92606

28

---

                                    1                     Case No. 13CV1565 BAS-PCL
                             OPT-OUT FORM

**INSTRUCTIONS**:

1.      You <u>must</u> timely complete, sign and mail this form by ▓▓▓▓▓▓▓ to exclude yourself from this settlement.

2.      If you move, please send the Settlement Administrator your new address.

**PLEASE TYPE OR PRINT:**

Name (First, Middle, Last): _____

Street Address: _____

City, State, Zip Code: _____

Former Names (if any): _____

Last four digits of your Social Security Number: _____

Daytime Telephone Number: _____

Current or last Zale store where you worked: _____

**CERTIFICATION:**

      I wish to be excluded from the Settlement in ***Tapia v. Zale Delaware, Inc.***, United States District Court For The Southern District of California, Case No. 13-CV-1565 (BAS)(PCL). I understand that in asking to be excluded from the settlement class, I will receive no portion of the Settlement approved by the Court in this case.

      I declare under penalty of perjury under the laws of the United States and the State of California that the information I have provided on this Exclusion Form is true and correct.


  X_____ ___        Date:_____
        (Sign your name here)

2

OPT-OUT FORM

Case No. 13CV1565 BAS-PCL

Exhibit A
Page 34 of 34