1
2
3
4
5
6
7
8                 UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11   NAOMI TAPIA, individually and on        Case No.:  13cv1565-PCL
     behalf of other members of the general
12   public similarly situated,
                                             **ORDER GRANTING MOTION FOR**
13                              Plaintiff,    **PRELIMINARY APPROVAL OF**
                                             **CLASS ACTION SETTLEMENT**
14   v.

15   ZALE DELAWARE INC. d/b/a ZALE
16   CORPORATION, a Delaware
     Corporation; and DOES 1 through 50,
17   inclusive,

18                              Defendant.

19

20

21          Presently before the Court is Plaintiff's Motion for Preliminary Approval of Class

22   Action Settlement ("Settlement Agreement"). (Doc. 115.) Because the Settlement is

23   unopposed, the Court took the matter under submission without oral argument pursuant to

24   Civil Local Rule 7.1(d). After reviewing Plaintiff's arguments and the law, the Court

25   concludes that the settlement is fundamentally fair, reasonable, and adequate, and therefore

26   **GRANTS** the Preliminary Settlement Motion.

27   ///

28   ///

                                              1

## GENERAL BACKGROUND

1. Plaintiff's Claims

Plaintiff commenced this action against Defendant on July 3, 2013. (Doc. 1.) Plaintiff alleges that she and "all other class members were and are currently denied the benefits and protections of the Fair Labor Standards Act of 1938 ("FLSA") and the California labor Code, due to the institutionalized pay practices of Defendant." (Doc. 13 at 7.) Plaintiff's First Amended Complaint ("FAC") includes claims Defendant violated various sections of the California Labor Code, FLSA, and contains a representative action for penalties pursuant to the Private Attorneys General Act of 2004 ("PAGA"). (*Id.*)

2. Rule 23 Class and FLSA Collective Action Certification

Plaintiff moved to certify a class under Federal Rule of Civil Procedure 23 and to conditionally certify a collective action under the FLSA. (Doc. 44.) On April 6, 2016, District Judge Bashant granted Plaintiff's motion. (Doc. 76.) The Court certified for class treatment under Rule 23 Plaintiff's (1) California unpaid overtime claim (*id.* at 4-8), (2) inaccurate wage statement claim (*id.* at 8-9), (3) meal period claim (*id.* at 10-13), (4) rest break claim (*id.* at 13-15), and (5) waiting-time penalties claim (*id.* at 15-23). Thus, the Court certified a class of "[a]ll current and former hourly employees of [Defendant] who were designated by [Defendant] as non-exempt and who worked in California any time between July 3, 2009, and the trial of this matter." (*Id.* at 21-22.)

Judge Bashant also granted Plaintiff's request to conditionally certify a collective action under the FLSA based on Plaintiff's claim that Defendant failed to pay overtime compensation. (Doc. 76 at 19-21.) As such the Court conditionally certified a collective action of "[a]ll current and former hourly employees of Zale Delaware Inc. d/b/a Zale Corporation who were designated by Zale as non-exempt and who worked in the United States any time between July 3, 2010 and the trial of this matter." (*Id.* at 22.)

Defendant moved to decertify the Conditionally Certified FLSA Class and Rule 23 Overtime Class pursuant to *Corbin v. Time Warner Entm't-Advance/Newhouse Partnership*, 821 F.3d 1096 (9th Cir. 2016). (Doc. 85.) That motion was denied. (Doc. 99.)

2

Plaintiff informed the Court on December 30, 2016 that the case had settled and the parties consented to Magistrate Judge jurisdiction to oversee settlement approval on March 29, 2017. (Docs. 112, 122.)

## SETTLEMENT TERMS

The parties have submitted a comprehensive settlement document with approximately twenty pages of substantive terms, (*see generally* Settlement Agreement), and several documents related to class notice, (Doc. 117-2 at 24-29 (notice), 31-32 (claim form), 34-35 (opt-out form). The Settlement Class is defined as "all non-exempt, hourly-paid employee who worked for Zale in California during the Class Period." [1] (Doc. 117-2 at 3.) This includes approximately 2,480 putative Class Members. (Doc. 115-3 at 3.)

The Settlement Agreement provides for a Settlement Fund of $1,800,000 to be used to pay:

> (1) a proposed Class Representative Award of $10,000; (2) PAGA penalties of $20,000 in which $15,000 shall be awarded to California Labor & Workforce Development Agency and the remaining $5,000 is allocated to class members and is included in the Payout Fund; (3) a payment of no more than $29,276.31 paid as fees to the third-party Claims Administrator; (4) a Fee Award to Class Counsel not to exceed 28% of the Settlement Agreement, totaling $504,000; (5) a Costs Award to Class Counsel not to exceed $6,000; (6) the remaining funds, totaling approximately $1,230,723.69 will be available to pay class members on a claims-made basis.

(Doc. 115-1 at 8-9.) The average recovery to class members is estimated to be approximately $500, to be determined based on the number of workweeks the class member worked for Zale. (*Id.* at 9.) Though class members will be paid on a claims-made

---

[1] The parties will jointly move to dismiss the nation-wide FLSA claim without prejudice at the Final Approval Hearing. (Doc. 117-2 at 7.)

basis, Zale will pay, at minimum, $504,000 to the Settlement Fund and will make available additional funds should additional claims be made. Should the claims made total less than the original $504,000, the difference between the aggregate value of the claims and $504,000 will escheat to the Industrial Relations Unpaid Wages Fund maintained by the California Department of Finance. (*Id.*)

## RULE 23 PRELIMINARY FAIRNESS DETERMINATION

Because the Rule 23 Class has already been certified, the Court next must make a preliminary determination as to whether the proposed settlement is "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e)(1)(C). Relevant factors to this determination include:

> The strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the state of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

**I. Strength of Plaintiff's Case**

In order to succeed on the merits, Plaintiff would have to prove that Defendant's practices and policies were fraudulent. (*See generally* FAC.) Zale denies wrongdoing and that Plaintiff is entitled to any relief at law or equity. (*See generally* Defendant's Answer to FAC, Doc. 14.) Plaintiff, however, estimates Zale's potential liability exposure on the claims to be in excess of $5 million. (Doc. 13 at 3.) Additionally, the Settlement Agreement is the result of arm's-length negotiations conducted over several months, including each Party's individual discovery and valuation of the case and two full-day mediation sessions before experienced mediators. (Doc. 115-1 at 11.) The parties agree that the Settlement offers class members a tangible and guaranteed monetary benefit while allowing class members to avoid the time and uncertainty of further litigation and appeal. The Court

agrees and thus finds that this factor weighs in favor of the $1.8 million settlement being fair, reasonable, and adequate.

**II. Risk, Expense, Complexity, and Likely Duration of Further Litigation**

Were the case to proceed to further litigation rather than settlement, the Parties would each bear substantial risk and a strong likelihood of protracted and contentious litigation. Even though the Parties have agreed to settle this action, they fundamentally disagree regarding the validity of Plaintiff's claims and that class treatment is appropriate for any purpose other than the instant settlement. (Doc. 117-2 at 7.) Additionally, the Parties engaged in motions for summary judgment and to compel that were stayed once the Parties settled. (Doc. 114.) Those stayed motions, combined with Defendant's denial of all claims and class treatment, suggests that these issues would be vigorously (and therefore costly) litigated were there to be further litigation. Given the foregoing, this factor weighs in favor of the settlement being fair, reasonable, and adequate.

**III. Risk of Maintaining Class Action Status Throughout Trial**

Plaintiffs, as previously stated, have agreed that the FLSA claim is no longer tenable. The Class has been certified and a Motion to Decertify was denied. Weighed against the fact that Defendant does not object to the Class' continued certification for the purposes of this settlement, this factor also weighs in favor of the settlement being fair, reasonable, and adequate.

**IV. Amount Offered in Settlement**

Defendant has agreed to pay up to $1.8 million to settle this lawsuit. (Doc. 117-2 at 13-14.) The crux of Plaintiff's claims are that Zale failed to pay the class members the entirety of their earned wages. Because Zale has data regarding each impacted class member, which it provided to Plaintiff, the proof of each class member's damages is largely calculable and less prone to subjective considerations. Indeed, the Parties note that the Settlement Agreement provides for an approximately $500 average recovery per class member, however that amount may fluctuate depending on the number of workweeks spent

employed by Zale. (Doc. 115-1 at 11.) Accordingly, this factor weighs in favor of the settlement being fair, reasonable, and adequate.

## V. Extent of Discovery Completed and State of Proceedings

Prior to the agreed-upon settlement, the Parties engaged in over three years of pre-trial litigation. This included attending a pre-certification mediation before Hon. Leo Pappas (Ret.), Rule 26 initial and supplemental disclosures, discovery requests, document production, and depositions. (Doc. 115-1 at 6-7.) Both Class Counsel and Defense Counsel gained significant knowledge of the relevant facts and law throughout the discovery process and through independent investigation and evaluation. Before oral argument on the Motions for Summary Judgment, the Parties attended a second mediation before Hon. Herbert Hoffman (Ret.), ultimately leading to the instant settlement. (*Id.* at 6.) Accordingly, it appears the Parties have entered into the Settlement agreement with a strong working knowledge of the relevant facts, law, and strengths and weaknesses of their claims and defenses. Given all of the above, this factor weighs in favor of the proposed settlement being fair, reasonable, and adequate.

## VI. Experience and Views of Counsel

"The recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979). Here, Class Counsel believes the Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Settlement Class. (Doc. 115-1 at 12.) Furthermore, in the present case the presumption of reasonableness is warranted based on Class Counsel's expertise in complex litigation, familiarity with the relevant facts and law, and significant experience negotiating other class and collective action settlements. (Doc. 115-2 at 2.) Given the foregoing, and affording the appropriate weight to the judgment of these experienced counsel, this factor weighs in favor of the proposed settlement being fair, reasonable, and adequate.

///

///

## VII. Settlement Attorney Fees Provision

In the Ninth Circuit, a district court has discretion to apply either a lodestar method or a percentage-of-the-fund method in calculating a class fee award in a common fund case. *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002). When applying the percentage-of-the-fund method, an attorneys' fees award of "twenty-five percent is the 'benchmark' that district courts should award…." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)); *Fischel*, 307 F.3d at 1006. However, a court "may adjust the benchmark when special circumstances indicate a higher or lower percentage would be appropriate." *In re Pac. Enters. Sec. Litig.*, 47 F.3d at 379 (citing *Six (6) Mexican Workers*, 904 F.2d at 1311). "Reasonableness is the goal, and mechanical or formulaic application of either method, where it yields an unreasonable result, can be an abuse of discretion." *Fischel*, 307 F.3d at 1007.

Here, the Settlement Agreement specifies that Defendant will not oppose Class Counsel's request to the Court for approval of attorney fees in the amount of up to $504,000. (Doc. 1117-2 at 16.) This would be twenty-eight percent of the Total Settlement Amount, three percent more than the Ninth Circuit benchmark. Although the Court does not conclude that the attorney fee provision is fatal to preliminary approval of the settlement, the Court notes that counsel will need to address in their formal attorney fee application any arguments supporting the heightened award. Additionally, the Court will carefully scrutinize any class member objections to the proposed twenty-eight percent award.

## VIII. Class Representative Service Award Provision

The Ninth Circuit recognizes that named plaintiffs in class action litigation are eligible for reasonable incentive payments. *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). The court must evaluate each incentive award individually using " 'relevant factors include[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, … [and] the amount of time

7

and effort the plaintiff expended in pursuing the litigation….' " *Id.* (citing *Cook v. Kiedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)).

Here, the Settlement Agreement provides an incentive award of up to $10,000 to the Class Representative. (Doc. 117-2 at 14.) Plaintiff Naomi Tapia declares that she "will not sacrifice any potential benefit to the Class for any reason, including personal gain." (Doc. 44-3 at 3.) Additionally, Ms. Tapia has "met with [her] attorneys on this matter 16 separate times and… spoken on the phone on at least 25 different occasions." (*Id.* at 4.) At the time of class certification, Ms. Tapia estimated her involvement to total approximately 27 hours. (*Id.*) Given the foregoing, the Court concludes that the current Settlement Agreement Class Representative Payment provision should not bar preliminary approval of the Settlement Agreement. However, similar to the Attorney Fees provision counsel will need to address in their formal Class Representative Award application any arguments supporting the amount of the award.

**IX. Conclusion**

For the reasons stated above, Plaintiff's Preliminary Settlement Motion is **GRANTED**.

**NOTICE OF SETTLEMENT**

Because the Court has certified the class under Rule 23(b)(3), the mandatory notice procedures required by Rule 23(c)(2)(B) must be followed.

Where there is a class settlement, Federal Rule of Procedure 23(e)(1) requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009) (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)); see also *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975) ("[T]he mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process.").

Here, the Parties have agreed to notify the Class, through the Settlement Administrator, within twenty calendar days of the Court granting Preliminary Approval. (Doc. 1117-2 at 9.) The Settlement Administrator will mail out Notice Packets after Defendant provides identification and contact information for members, and the Administrator will also be responsible for searching out class members' changed addresses should individual Notice Packets be returned as undeliverable. (*Id.*) Having thoroughly reviewed the jointly drafted Notice, the Court finds that the method and content of the Notice comply with Rule 23. Accordingly, the Court approves the Parties' proposed notification plan.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Preliminary Settlement Motion. The Court **ORDERS** as follows:

1. This Order incorporates by reference the definitions in the Stipulation, and all terms defined therein shall have the same meaning in this Order as set forth in the Stipulation.

2. The Court hereby approves the definition and disposition of the Settlement Fund and related matters provided for in the Stipulation.

3. The Court hereby preliminarily approves the Stipulation and the settlement contained therein, including the Fees Award of $504,000.00, the Cost Award of up to $6,000, the Service Award to Ms. Tapia of $10,000, the $15,000 designated as the Labor and Workforce Development Agency's ("LWDA") share of any Private Attorneys General Act penalty claim under Labor Code § 2699 et seq., for penalty claims based on the Released Claims, and the Settlement Administrator's Fee of up to $29,276.31. The Court finds on a preliminary basis that the Stipulation appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. The Court has reviewed the monetary recovery and prospective relief that is being granted as part of the Settlement and recognizes the significant value to the Class of that monetary recovery. It appears to the Court on a preliminary basis that the settlement amount is fair,

adequate and reasonable as to all potential Class Members when balanced against the probable outcome of further litigation relating to liability and damages issues. It further appears that extensive and costly investigation and research has been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. It further appears that the Settlement has been reached as the result of intensive, serious, and non-collusive, arms'- length negotiations.

4. A hearing (the "Settlement Hearing") shall be held before this Court on July 14, at 10 a.m. at the El Centro U.S. Courthouse, located at 2003 W. Adams Ave, El Centro, CA 92243, to determine all necessary matters concerning the Settlement, including: whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, adequate and reasonable and should be finally approved by the Court; whether a Judgment, as provided in the Stipulation, should be entered herein; whether the plan of allocation contained in the Stipulation should be approved as fair, adequate and reasonable to the Class Members; and to finally approve Class Counsel's Fees Award and Cost Award, the Tapia Service award, payment to the Labor and Workforce Development Agency, and the Settlement Administration Fees.

5. The Court hereby approves, as to form and content, the Notice, Claim Form, and Opt-Out Form, annexed as Exhibits 1, 2 and 3 to the Stipulation. The Court finds that distribution of the Notice, Claim Form, and Opt-Out Form substantially in the manner and form set forth in the Stipulation and this Order meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

6. The Court hereby appoints CPT Group, Inc. located at 16630 Aston Street Irvine, CA 92606, as Claims Administrator and hereby directs the Claims Administrator to simultaneously mail or cause to be mailed to Class Members (1) the Notice (**Exhibit 1**), (2) the Claim Form (**Exhibit 2**), and (3) the Opt-Out Form (**Exhibit 3**); all by first class

mail no later than twenty (20) calendar days after the entry of this Preliminary Order (the "Notice Date") using the procedures set forth in the Stipulation. Class Members who wish to participate in the settlement provided for by the Stipulation ("Settlement Class Members") must complete and return the Claim Form pursuant to the instructions contained therein by first class mail or equivalent, postage paid, within forty-five (45) calendar days after the Claim Form was mailed (the "Claim Deadline") pursuant to the terms of the Settlement.

7. Any Class Member (as defined by the Stipulation) may choose to opt-out of and be excluded from the Class, as provided in the Class Member Notice (**Exhibit 1**), by following the instructions for requesting exclusion from the Class (i.e. by submitting an Opt-Out Form), as set forth in the Notice and the Class Member Opt-Out Form (**Exhibit 3**). Any Class Member who chooses to opt-out of and be excluded from the Class will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal, or comment thereon. Any written request to opt-out must be signed by each such person opting out. All Class Members shall be bound by all determinations of the Court, the Stipulation, and Judgment.

8. Any Class Member may appear at the Settlement Hearing and may object or express his/her views regarding the Settlement, and may present evidence and file briefs or other papers, that may be proper and relevant to the issues to be heard and determined by the Court as provided in the Notice. However, no Class Member or any other person shall be heard or entitled to object, and no papers or briefs submitted by any such person shall be received or considered by the Court, unless on or before thirty (30) calendar days after the Notice Date in accordance with the Settlement Agreement, that person has filed the objections, papers and briefs with the Clerk of this Court and served by hand or by first class mail written objections and copies of any papers and briefs in support of their position and verification of their membership in the Class upon CPT Group, Inc. at the address listed above. To be valid, the papers must be filed with the Clerk of this Court and received by all of the above counsel on or before thirty (30) calendar days after the Notice Date in

13cv1565-PCL

accordance with the Settlement Agreement. Any individual who does not make his or her objection in the manner provided for in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the Settlement.

9. All papers in support of the Settlement shall be filed with the Court and served on the Parties' Counsel no later than five (5) court days before the Settlement Hearing.

10. The Settlement is not a concession or admission, and shall not be used against Defendant or any of the Released Parties as an admission or indication with respect to any claim of any fault or omission by Defendant or any of the Released Parties. Whether or not the Settlement is finally approved, neither the Settlement, nor any document, statement, proceeding or conduct related to the Settlement, nor any reports or accounts thereof, shall in any event be: (a) Construed as, offered or admitted in evidence as, received as or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by Defendant or any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or (b) Disclosed, referred to, or offered or received in evidence against any of the Released Parties in any further proceeding in the Action, or in any other civil, criminal or administrative action or proceeding, except for purposes of settling the Action pursuant to the Stipulation.

11. As of the date this Order is signed, all dates and deadlines associated with the Action shall be stayed, other than those pertaining to the administration of the Settlement of the Action.

12. In the event the Settlement does not become effective in accordance with the terms of the Stipulation, or the Settlement is not finally approved, or is terminated, canceled or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated and the Parties shall revert to their position with respect to this litigation as of February 17, 2017.

13. The Court reserves the right to adjourn or continue the date of the Settlement Hearing and all dates provided for in the Stipulation without further notice to Class

Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**IT IS SO ORDERED.**

Dated:  April 18, 2017

Hon. Peter C. Lewis
United States Magistrate Judge